The Trustees of the Leake and Watts Orphan House *vs.* Lawrence and others, executors, &c.

Where bankers received moneys of their customer on deposit from time to time, and an agreement was made between them that such customer should be allowed five per cent. interest upon a portion of the deposit from a specified time until paid, and after the death of the customer the bankers made a false entry in their books, and concealed from his personal representatives the fact of the existence of the portion of the deposit upon which the five per cent interest was payable, for the purpose of defrauding them out of that portion of the deposit; *Held* that the bankers were liable to pay interest at the legal rate, upon that portion of the fund, from the time of the commission of the fraud until the money was paid.

A judgment recovered against the surviving copartner, for a debt alleged to have been due by the firm, in a suit in which the representatives of the deceased copartner were not parties, is not evidence as against such representatives of the indebtedness of the decedent, in a subsequent suit to charge his estate with the debt.

Whether such a judgment would be evidence of the indebtedness as against the per-

Trustees of the Leake & Watts Orphan House v. Lawrence.

sonal representatives of the decedent, where one of the representatives was himself the surviving copartner against whom the judgment was recovered. *Quære?*

Where a debt is due from a copartnership, and one of the copartners dies leaving the other copartner surviving and perfectly responsible; and the creditor neglects to pursue his remedy against the survivor until the cause of action is barred as against him, by the statute of limitations; it seems that such creditor cannot afterwards come into a court of equity to obtain satisfaction out of the estate of the decedent, although the surviving copartner has then become insolvent.

Whether the provisions of the revised statutes limiting the time for commencing suits in chancery, where that court has exclusive jurisdiction of the suit, are retroactive in their operation. *Quære?*

Where one member of a copartnership firm dies, a creditor of the firm cannot sustain a suit in chancery against the representatives of the deceased copartner, to recover his debt out of the decedent's estate, without showing in the bill that the surviving copartner is insolvent; or stating some other sufficient reason for not proceeding at law against the surviving copartner.

In the case of a debt which is joint, and not several, if one of the debtors dies, no right of action or suit, either at law or in equity, accrues to the creditor against the representatives of the deceased debtor, until the surviving debtor becomes insolvent or irresponsible; and the statute limiting the time for the commencement of suits which are exclusively of equitable cognizance, does not begin to run until that time.

Where a debt is joint and several, the creditor may proceed against the surviving debtor, or against the representatives of the deceased debtor, at his election, to obtain satisfaction of his debt. But if the debt is joint and not several, he cannot proceed in chancery against the estate of the deceased debtor, without stating in his bill a sufficient excuse for not suing the surviving debtor, at law, to obtain satisfaction of such debt.

This was an appeal by D. S. Jones and H. K. Bogert, two of the executors of Augustine H. Lawrence, deceased, from a decree of the late assistant vice chancellor of the first circuit. The bill was filed in June, 1838, by the surviving executor of John G. Leake, deceased, to recover a debt due to Leake at the time of his death, in June, 1827, from his bankers, A. H. Lawrence and A. N. Lawrence; the former of whom died on the 10th of September, 1828. Letters testamentary on the estate of Leake were granted on the 16th of September, 1828; the question as to the validity of the will having been previously in litigation. In the spring of 1830, the executors of Leake commenced a suit at law against A. N. Lawrence, the surviving member of the firm of A. H. Lawrence & Co. to recover the amount claimed to be due to

the estate of their testator; and they were afterwards obliged to file a bill in this court to obtain the discovery of a pass-book which was improperly withheld, and which was a material part of their evidence to establish the debt. In March, 1838, a judgment was recovered in the suit at law, against A. N. Lawrence, as such surviving copartner of the firm, for $85,737,59. An execution was issued upon such judgment, which was returned wholly unsatisfied, in April of the same year; the defendant in that suit having then become totally insolvent. The bill in this cause was thereupon filed against the executors of the deceased copartner, and the surviving copartner, who was one of such executors, to obtain satisfaction of the debt out of the estate of the deceased copartner.

*G. Clark & G. Griffin*, for the appellants. The complainant is bound to prove the original demand in favor of Leake, notwithstanding the judgment at law against A. N. Lawrence, as surviving partner. There is no proof that such original demand is a subsisting debt. On the contrary, it is fairly to be presumed that it was extinguished by payment, or accord and satisfaction, during the lifetime of Leake; or else that it was presented by him to A. H. Lawrence, as a donatio causa mortis, accompanied by the symbolical delivery of the pass-book. The claim is now barred by the statute of limitations. The decree is erroneous in its direction as to the mode of calculating the interest.

*G. Wood & D. Lord, jun.*, for the respondents. Augustine H. Lawrence and Augustine N. Lawrence formed the copartnership of A. H. Lawrence & Co., and as such, were liable on the demand of Leake against them. The copartnership being proved, it results from the relation thereby created, that the creditor of the firm is entitled to establish his debt against the firm by a suit against the surviving partner, and a judgment thus obtained is evidence of the debt. The debt of Leake is fully proved against the firm by the other evidence in the cause. The debt being established, the burden of proof to show a payment or a gift is on the debtor, who must make it out by legal evidence, and in legal

form. There is no such proof. The right of the complainants to proceed in equity against the estate of the deceased copartner did not arise until a judgment and an execution against the survivor had exhausted the remedy against the partnership and its representatives at law. This was in March, 1838; certainly not until the insolvency of the survivor, which was in 1834. The bill was filed in June, 1838. But suppose that on the death of A. H. Lawrence, in September, 1828, a right arose to bring a bill in equity against his executors, this was a mere equity and not a concurrent remedy, with a legal remedy. The court will consider lapse of time only as an equitable bar. The pendency of the suit at law commenced in April, 1830, and the participation of the executors in the defence of that suit, prevents the lapse of time from applying as an equitable bar. The revised statutes, (2 *R. S.* 229, § 52,) give the only legal or equitable bar applicable to this case, and it is a period of ten years from the time the equity arose. That would allow at least until September, 1838, for the commencement of the suit, as Lawrence died in September, 1828. The bill was filed June, 1838.

THE CHANCELLOR. There is no doubt of the fact that this debt, if due at all, was a joint debt due from the firm of A. H. Lawrence & Co. Whatever may have been the private arrangement of the two members of the firm as between themselves, as to the persons who dealt with them they were general copartners, and were holden as such. The counsel for the appellants are right in supposing that a judgment recovered against a surviving copartner, in a suit to which the representatives of the deceased copartner were not parties, is not evidence against such representatives of the indebtedness of the decedent. That was decided by this court in the case of *Smith & Barlow* v. *Ballantine & McNaughton*, (10 *Paige's Rep.* 101.) Here, however, one of the executors of the deceased copartner was himself the defendant in the suit at law. What effect that fact might have upon the case, it is not necessary to consider; for, independent of the judgment, I have no doubt of the existence of the joint indebtedness of both members of the firm at the death of J. G.

Leake.   The other evidence in the case is perfectly satisfactory to my mind, upon that point.   The assistant vice chancellor having, in his written opinion, referred to the testimony to establish the fact of indebtedness, it is not necessary for me to do more than to state the conclusion of fact at which I have arrived.   The balance due to Leake, therefore, on the 13th of January, 1827, instead of being $7,407,87, as falsely carried to the new account which was undoubtedly opened after the death of Leake, was $57,407,87, and interest on $50,000 of that amount from the 1st of July, 1826, at 5 per cent.

I am satisfied that there is no error in the decree, of which the appellants have a right to complain, in relation to interest.   If the false entry in the books was made, for the purpose of defrauding the estate, very soon after the death of Leake, as I think it was, that was of itself a sufficient breach of the previous agreement, to allow interest at five per cent, to entitle the executors of Leake to claim seven from that time.   And certainly the debtors had no right to claim the benefit of the agreement as subsisting at the time from which the assistant vice chancellor has allowed seven per cent interest to be computed.   Again ; if the interest is to be computed upon the basis of the agreement of five per cent, it should be compounded ; for that was undoubtedly the understanding between the parties.

The only question which remains to be considered is, whether this suit was barred by the statute of limitations.   For if there is no statute which is a flat bar, the delay in commencing the suit in this court until after the determination of the action at law against the surviving copartner, is not sufficient to induce this court to refuse relief.

Had the executors of Leake neglected to pursue their remedy at law against the surviving copartner, who was perfectly responsible when the right of action accrued, until such right of action was barred, there might be some doubt whether they ought not to be precluded from coming into this court to obtain satisfaction out of the estate of his deceased copartner, even if the survivor had subsequently become insolvent.   But that question does not arise here.   For the executors of Leake commenced their

action at law against A. N. Lawrence in 1830, while he was solvent and responsible, and prosecuted that action to judgment and execution.   The six years' limitation might have been applicable to the case, if there had been a concurrent remedy in this court and at law for the recovery of the debt against the copartners immediately upon the death of Leake, and such concurrent remedy had continued without interruption.   But so far as relates to the $50,000, at least, the representatives of Leake could not have had a pretext for coming into this court for an account immediately upon his death ; as that was a liquidated sum left with the bankers upon a special agreement and at a given rate of interest.   The remedy to recover it, therefore, was at that time at law only, and this court had no jurisdiction which was concurrent, so as to make the six years' limitation applicable to the suit here.

The ten years' limitation, therefore, is the only one which is applicable to the case in this court.   And if the ten years commenced running immediately upon the death of A. H. Lawrence, in September, 1828, the bill was filed within the time allowed by law ; whether the provisions of the revised statutes are or are not retroactive in their operation in cases where this court has exclusive jurisdiction.

The question whether a creditor of a copartnership firm, one member of which has died, can file a bill in this court, against the representatives of the decedent and the surviving members of the firm, for payment, without averring in his bill that such surviving members are insolvent, appears to be one in which the decisions in this country are in conflict with some recent decisions on the subject in England.   The weight of authority, however, is in favor of the principle that, as the remedy at law survives, the creditor is bound to resort to his legal remedy against the surviving debtors, unless he can show some ground of necessity for coming into this court for relief against the estate of the deceased debtor.   And I am not disposed to follow these recent cases in England, and to extend the jurisdiction of this court to a case to which it has never yet been extended by any adjudged case which is binding here as authority.   My own

Trustees of the Leake & Watts Orphan House *v.* Lawrence.

opinion of the law on this subject has always been that the estate of a deceased copartner, or joint debtor, in the hands of his personal representatives could not be reached by a suit in this court, without stating in the complainant's bill a sufficient excuse for not proceeding at law against the surviving debtors to obtain payment; but that where the debt was joint and several the rule was otherwise. And I was not aware that any doubt existed on the question until I saw the recent decisions in the English courts to which I have before referred. The examination of the cases on this subject, and the reasons of the rule, satisfy me that my former understanding of the rule was correct.

There never was, therefore, any right of action, or of suit, against the executors of A. H. Lawrence for the recovery of this debt, either at law or in equity, until after the failure of the surviving copartner; which failure could not have been earlier than 1834. And as the right of action as against him has been kept alive by the commencement of a suit at law and the prosecution thereof to judgment, the remedy of the complainant in this court as against the estate of his deceased copartner, was not barred by any act of limitation at the time this bill was filed, in June, 1838.

The answers of the defendants admit a sufficiency of assets; and there is no pretence that any of the defendants were ignorant of the facts upon which this claim is based, previous to the commencement of this suit. There was no reason, therefore, for excusing them from the payment of the costs to which their refusal to pay the debt had subjected the adverse party. And there is no error in that part of the decree. The decree appealed from is therefore affirmed with costs; and with interest on the amount of the decree of the assistant vice chancellor, as damages for the delay and vexation caused by the appeal.(*a*)

(*a*) Affirmed upon appeal to the court for the correction of errors. (2 *Denio's Reports*, 577.)