WHITE, receiver, &c. *vs.* LOW and ARTCHER, impleaded with Seaton.

When a plaintiff sues as receiver, he should at least state the place of his appointment, and distinctly aver that he has been appointed by an order of the court.

The defendant has a right to insist that the facts constituting the appointment of the plaintiff, as set out, shall be sufficient to show one has been made, and that those facts be so set out as to be triable.

But a demurrer, in a suit by a receiver, alledging that it does not appear that the plaintiff had any title to the note sued on, is insufficient, under the code of 1848, to raise the question as to the plaintiff's right to sue as receiver.

Where a note, not negotiable, is indorsed by the payees, generally, such indorsement does not amount to a *guaranty, it seems.*

In such a case the payees may be treated as *indorsers;* and where that can be done, *it seems* the holder has no option to proceed against them as *guarantors.*

In a suit upon a note thus indorsed, against the makers and indorsers, presentment of the note by the owner need not be averred.

An action will not lie upon such a note, by the indorsee, against the makers and indorsers jointly.

THIS cause came on for argument on demurrers put in separately, by Low and Artcher, to the complaint.   The complaint stated " that on the 17th day of July, 1848, the plaintiff was, by an order of the court made pursuant to statute, appointed receiver of the Canal Bank of Albany, and that before that time, the defendant Abel I. Seaton made and signed a promissory note of which a copy was subjoined ; and that the defendants Francis Low and Edward Artcher, by the partnership name of Low & Co. indorsed such note, and transferred and delivered the same

to the said Canal Bank of Albany, and the said defendants Francis Low and Edward Artcher thereupon guarantied to the said Canal Bank of Albany the punctual payment of the said note, according to the terms thereof. And that on the 27th day of April, 1848, being the day on which the said note became due, the same was presented at the Montgomery County Bank, and payment demanded, which was refused, and notice thereof was on the same day given to the said defendants Low and Artcher, and yet the defendants had not paid, and the plaintiff demands judgment," &c. A copy of the note was annexed to the complaint as follows: "Four months after date, for value received I promise to pay to Low & Co. four hundred dollars, payable at the Montgomery County Bank. Johnstown, Dec. 24, 1847. (Signed) Abel S. Seaton. (Indorsed) Low & Co."

The demurrers were special, and specified as grounds of demurrer that the note was not negotiable, and that it was not averred that the plaintiff, or the Canal Bank, was assignee or representative of Low & Co. so as to give either of them a right of action. That although it was alledged that Low and Artcher guarantied the note, yet the plaintiff showed no right to bring the action on the guaranty, or on the note, against all the defendants jointly; nor did it appear that said guaranty was in writing, or upon any consideration. That it did not appear that the Canal Bank owned the note at the time the plaintiff was said to have been appointed receiver; nor did it appear that the plaintiff had any right or title to the note; nor did it appear that the note was presented for payment, on behalf of any one having a right to the note; nor that notice of non-payment was given to the indorsers by the plaintiff or any one having any interest in, or right to, the note. And Low added, that it did not appear that the note was made or indorsed, or guarantied, at or prior to the time when it was alledged to have been payable and presented for payment. And that there was a misjoinder; as the action against Low and Artcher on the guaranty could not be joined with an action against the maker. Joinder in demurrer.

White *v.* Low.

*Lansing & Pruyn,* for the plaintiff.

*Dean & Newland,* for Artcher.

*Edwards & Parmelee,* for Low.

HAND, J. It is said that the plaintiff shows no title to sue. The plaintiff, when he sues as receiver, should at least state the place of his appointment, and distinctly aver that he has been appointed by an order of the court. Alledging that he was duly appointed on such a day, is not sufficient. (*Gillet* v. *Fairchild,* 4 *Denio,* 80.) The defendant can insist that the facts constituting the appointment, as set out, shall be sufficient to show one has been made, and that these facts be so set out as to be triable. But I do not think this cause of demurrer sufficiently assigned. These pleadings were put in under the code of 1848; and that required such causes of demurrer to be distinctly stated, or they might be disregarded. (§§ 123, 127. *And see Amended Code,* § 145.) Here it is merely stated that it does not appear that the plaintiff had any title to the note when the suit was commenced. Notwithstanding what was said in *Herrick* v. *Carman,* (12 *John.* 159,) *Tillman* v. *Wheeler,* (17 *Id.* 326,) and *Seymour* v. *Van Slyck,* (8 *Wend.* 403,) and I may add in *Prosser* v. *Luqueer,* (4 *Hill,* 420,) I think this is not a guaranty. The defendants Low and Artcher, as we shall see, can be treated as indorsers; and the better opinion now is, that where that can be done, there is no option with the holder. If indorsers, they have all the privileges of indorsers, and not of guarantors. (*Hall* v. *Newcomb,* 7 *Hill,* 416. *Spies* v. *Gilmore,* 1 *Comst.* 321.) And see *Brown* v. *Curtis,* (2 *Id.* 227, *Bronson, J.;*) *Durham* v. *Manrow,* (*Id.* 533, *Jewett, C. J.*) It was not necessary to aver presentment of the note by the *owner,* personally. Such is not the established form, (2 *Chit. Pl.* 158, 9,) even if an averment of presentment is necessary. (*Seymour* v. *Van Slyck,* 8 *Wend.* 404.) The chancellor, in *Hall* v. *Newcomb,* thought demand and notice necessary in these cases. But Low and Artcher, having indorsed the note, became liable,

as indorsers, to the Canal Bank, to whom they transferred and delivered it, and, consequently, to the plaintiff as receiver. Before the code, they could not thereby transfer the legal title to the note to the Canal Bank, as against Seaton the maker. (*Story on Bills,* § 199. *U. States* v. *White,* 2 *Hill,* 63.) But although not negotiable, by indorsing it, they conferred upon the Canal Bank such right of action, as against themselves. (*Story on Bills,* § 199. *Chit. on Bills,* 196, 241, 2. *Seymour* v. *Van Slyck,* 8 *Wend.* 404. *Hill* v. *Lewis,* 1 *Salk.* 132. *And see Plimley* v. *Westley,* 2 *Bing. N. C.* 249.)

There is, therefore, no valid objection to a recovery by the plaintiff in a suit against Low and Artcher. And although there is properly no privity of contract between the Canal Bank and the maker, in a court of law, yet it would seem that the Canal Bank, as assignee of a chose in action, can maintain a suit against Seaton, under the code. (*Code of* 1848, §§ 91, 2, 3 ; *Amended Code,* §§ 111, 112, 113.) For some purposes the code, perhaps, gives every chose in action this attribute of negotiable paper.

But the objection to a recovery by the plaintiff in this case is, that he has joined distinct causes of action in the same suit. Upon this point the demurrer is well taken. Seaton made no contract to pay the note to the Canal Bank. And that bank, and consequently the receiver, must sue him as assignee : whereas the suit against Low and Artcher is by the indorsee against the indorser. The rights of parties, in cases of indorsements, are very different from those acquired by assignment. The indorsement in this case, too, is equivalent to a new note, and is a distinct contract. So much so, that in *Plimley* v. *Westley,* (*supra,*) it was held that a new stamp was necessary. Possibly a surety or guarantor, liable contingently, may be made a party in some cases, on the ground of his liability over, as is sometimes done in equity ; but as to that I give no opinion. Although the practice of the two courts is assimilated, principles applicable only to suits at law, and those applicable only to cases in equity, in many cases remain as before ; and are distinct and well defined. And contracts can not be changed, nor rights de-

The People v. Benton.

stroyed, by a change of remedies. The remedy in this case is at law, and the rules applicable in such cases govern, except when changed or abrogated by statute. I find nothing in the code doing either in this case. On the contrary, such misjoinder is impliedly inhibited. (*Code of* 1848, §§ 99, 143 ; *Amended Code,* §§ 119, 167.) And particularly, by the code of 1848, the cause of action joined must " equally" affect all the parties; though I think the misjoinder here as fatal under the phraseology of the amended code. It follows that the suit can not be maintained against Low and Artcher jointly with Seaton.

There must be judgment for the defendants; with leave to the plaintiff, if he shall be so advised, to amend upon the usual terms.

Judgment for the defendants.

HERKIMER SPECIAL TERM, October, 1849. *Gridley,* Justice.