MOREHOUSE, executor, &c. *vs.* BALLOU and others, executors, &c. and R. BALLOU.

A joint and several note was given by R. B. and D. B., for money borrowed for R. B. Afterwards D. B. died, leaving R. B. and others his executors. There was no allegation or proof that R. B. was insolvent. *Held* that R. B., in his individual capacity, and as executor, could not be joined with the other executors of D. B. in a suit on the note.

THE plaintiff, as executor of Morehouse, complained " that the above named Rensselaer Ballou and one Dutee Ballou, in his lifetime, made and executed their joint and several promissory note in writing, whereby, for value received, they promised to pay Daniel Morehouse or bearer, two hundred dollars with interest one day from date, and that they have not paid the same or any part thereof except the sum of fifteen dollars paid November 17th, 1850, but are justly indebted to the plaintiff, who is the lawful holder, and owner of the note. Wherefore the plaintiff demands judgment against the defendant Rensselaer Ballou, for two hundred dollars with interest from the 17th day of No-

Morehouse v. Ballou.

vember, 1849, besides costs, after deducting the sum of fifteen dollars paid November 17th, 1850. And that the defendants Dutee Ballou, Daniel Ballou and Rensselaer Ballou, executors of the last will and testament of Dutee Ballou, one of the makers of said note, be adjudged to pay the said amount out of any assets in their hands belonging to the estate of said Dutee Ballou, deceased, which are properly applicable thereto, together with the costs and disbursements allowed by law."

None of the defendants appeared except R. Ballou, who answered and denied that he and Daniel Ballou made the note; and denied that he was or ever had been, jointly and severally with D. Ballou indebted to the plaintiff for the amount of the note. He also as executor of D. Ballou deceased, denied that D. Ballou made the note, and denied that he and the other two executors were indebted to the plaintiff. He also answered that the executors had, by order of the surrogate, given notice to creditors to present their claims, and that the note now in suit had not been presented. And that they had no assets. On the trial, by the court, the execution of the note was proved, and that it was given for money lent to R. Ballou.

*Wm. McKindley*, for the defendant R. Ballou, insisted that there was a misjoinder of actions and parties, and that R. Ballou could not be sued as maker, and also as executor of D. Ballou, in one suit.

*C. S. Lester*, for the plaintiffs.

HAND, J. Before the code, the survivor and the personal representatives of a deceased joint debtor, could not be joined as defendants, at law. The judgments were different. (*Myer* v. *Cole*, 12 *John.* 349. *Demott* v. *Field*, 7 *Cowen*, 58. *Worden* v. *Worthington*, 2 *Barb*. 371. 2 *Saund*. 117, g. n. 2 o. *Herrenden* v. *Palmer*, Hob. 88. *Hall* v. *Huffum*, 2 *Lev*. 228. *Corner* v. *Shew*, 3 *Mees. & W*. 350. *Reynolds* v. *Reynolds*, 3 *Wend*. 244. *Grant* v. *Shurter*, 1 *Id*. 148. 1 *Burr. Pr*. 60. 1 *Chitty's Pl*. 187. *Bridgen* v. *Park*, 2 *B. & C*. 424. *Ashby*

Morehouse *v.* Ballou.

v. *Ashby,* 7 *Id.* 444.) In *Myer* v. *Cole,* it was held that a count on a claim against the testator, and one against the executors for services rendered after the death of the testator, though payable out of the estate, could not be joined. If the debt was joint and several, the personal representatives of the deceased debtor could be sued, but not with the survivor. But if the debt was joint only, on the death of one joint debtor, his liability was extinguished at law; but, in certain cases, as where he had a benefit from the consideration upon which the obligation arose, or when they were all principals, equity would consider the contract several, and compel payment out of his estate. (*Sumner* v. *Powell,* 2 *Meriv.* 36. *Bradley* v. *Burwell,* 3 *Denio,* 65. *Hamersley* v. *Lambert,* 2 *John. Ch.* 508. *Carpenter* v. *Provoost,* 2 *Sandf. S. C. R.* 537. 1 *Story's Eq. Jur.* § 162.) However, even in this class of cases, where the suit was upon the original indebtedness, it seems equity did not interfere unless the survivor was insolvent. (*Lawrence* v. *Trustees of Leake and Watts Orphan House,* 2 *Denio,* 577. *S. C.* 11 *Paige,* 80. *Smith* v. *Ballantyne,* 10 *Id.* 101. *Wilder* v. *Keeler,* 3 *Id.* 167. *Hamersley* v. *Lambert, supra. Slatter* v. *Cook,* 2 *Sandf. S. C. R.* 573.) There could be no necessity for going to equity where there was a perfect remedy at law. And the rule in England is, that even in partnership cases, although the survivor must be a party, the remedy as to him being altogether at law no decree can be made against him. (*Wilkinson* v. *Henderson,* 1 *My. & K.* 582.) It would seem to follow, that neither at law nor in equity, could a judgment or decree be given jointly against the survivor and the representatives of a deceased joint debtor, merely on a joint or joint and several obligation. Of course I do not include cases of liability over for the debt or duty of another.

But it is said, that this suit is authorized by the code. Persons severally liable upon the same obligation or instrument, including bills of exchange or notes, may all or any of them be included in the same action. (*Code,* § 120.) As to notes, &c. the statutes regulating suits upon them, (*Laws of* 1832, *p.* 489. *Laws of* 1835, *p.* 248. *Laws of* 1837, *p.* 72. *Laws of* 1841,

*p.* 272.   *Laws of* 1845, *p.* 72,) were in terms as broad, allowing the plaintiff to include the drawers, makers, indorsers and acceptors, " all or any of them," and to proceed to judgment as if all were joint contractors ; and judgment could be rendered against one or more of the defendants.   But this did not change the practice as to suing the joint and several makers of a note. (*Platner* v. *Johnson,* 3 *Hill,* 476.   *Miller* v. *McCagg,* 4 *Id.* 35. *Butler* v. *Rawson,* 1 *Denio,* 105.)   Indeed, it may be doubtful whether two out of three joint and several makers, if the objection is properly made by a plea in abatement, (or perhaps now by demurrer, in some cases,) could be made jointly liable; for such is not their contract.   (1 *Saund.* 291. *g, n.* 4.   *Platt on Cov.* 134.  *Streatfield* v. *Holliday,* 3 *T. R.* 782.  *Buller, J. Platner* v. *Johnson, supra.*)   Mr. Justice Willard, in *De Ridder* v. *Schermerhorn,* (10 *Barb.* 638,) supposed this rule has been changed by § 120 of the code.   But the point did not there arise ; and such intention should be clearly expressed by the act, as it seriously affects the contracts, and makes confusion in the rights of the parties, to contribution.   But, neither did former statutes, nor does the code, authorize defendants to be joined, whose obligations are distinct and different, or when there is no privity of contract between them.   (*Miller* v. *Gaston,* 2 *Hill,* 188. *Butler* v. *Rawson,* 1 *Denio,* 105.   *De Ridder* v. *Schermerhorn, supra.   White* v. *Low,* 7 *Barb.* 204.)   The code provides for uniformity of practice, whether the case is one of equity jurisdiction or at law.   (§§ 117 *to* 122, 144, 147, 148, 167, 274.) And for a defect of parties the defendant should demur or object by answer.   (§§ 144, 148.)   If he does not, he waives the objection.   But this does not authorize the joinder of distinct and different causes of action against several and different defendants.   It does not authorize judgment on a note against A., and for trespass against B., in the same suit ; nor compel the court to give judgment, whether there be too many or too few parties.   If so, the court might be obliged to try in the form of one suit, two or more suits in fact distinct and several, both as to parties and subject matter.   I do not understand the code as authorizing an indefinite jumble of parties, claims, rights and de-

fenses. The power of amendment as to parties is inconsistent with such anomalies. (*Code*, § 173.) The causes of action that are united "must affect all of the parties to the action." (§ 167.) The executors of D. Ballou, as such, are not, except in form, parties to the action against R. Ballou in his individual capacity as maker; and are not affected by the cause of action against him. By the death of D. Ballou, the contract was severed, and, as a joint contract, ceased to exist. (*Atkins* v. *Tredgold*, 2 *B. & C.* 23. *Slater* v. *Lawson*, 1 *B. & Ad.* 396. *Lane* v. *Doty*, 4 *Barb.* 530.) In actions for work and labor, or upon a note, bond, or even judgment, it was considered no variance, though no mention was made of a deceased party. (*Richards* v. *Heather*, 1 *B. & Ald.* 29. *Mountstephen* v. *Brooke*, *Id.* 224. *Cocks* v. *Brewer*, 11 *M. & W.* 51. *Saund. R.* 291 *b, n.* 4, 291 *d, n. f. Williams* v. *Allen*, 7 *Cowen*, 316. *And see Burgess* v. *Abbott*, 6 *Hill*, 138.) And Lord Ellenborough remarked, in *Richards* v. *Heather*, that, "according to every principle of law, the joint debt may, by reason of the death of the party, be now treated as if it had been originally a separate debt." In the present case, the plaintiff seeks to have two judgments on the same record, for the same amount and for the same debt; or rather judgment against R. Ballou, and that the executors of D. Ballou be adjudged to pay the amount out of any assets, &c.; and there is no averment that R. Ballou is insolvent, or that D. Ballou was surety. The relief demanded is simply judgment and payment; and no circumstances entitling the plaintiff or any of the parties to equitable interference are stated or pretended in the pleadings on either side In *Ricart* v. *Townsend*, (6 *How. Pr. R.* 460.) Mr. J. Edmonds held that, under the code, a surviving partner and the representatives of a deceased partner, could be joined in an action to recover damages on a contract by the firm; and in the report, nothing is said of the insolvency of the survivor. With all respect, so long as the law in respect to the rights, duties and liabilities of the surviving partner is unchanged, that construction appears somewhat doubtful; especially where the survivor is solvent. The reason and propriety of the former rule exists in full force. But however it may be as to partners, the

representatives of D. Ballou could have no interest in the controversy, adverse to the plaintiff in a suit against R. Ballou; nor could they be necessary parties to a complete determination of the question involved therein; which could have been heard without prejudice to their rights; (§§ 118, 122;) and these defendants could not interpose any equities between themselves, or "counterclaims" against each other, to embarrass the plaintiff.

Notice to the creditors to present their claims, and a neglect by the plaintiff to do so, does not bar his action. (2 *R. S.* 89, § 39, 40. *And see Allen* v. *Bishop's Executors,* 25 *Wend.* 414; *Parker's Executors* v. *Gainer's Administrator,* 17 *Id.* 559.) But there is no joint demand declared upon or proved against the defendants, and there can be no judgment for the plaintiff against any of the parties without an amendment making it an action against R. Ballou, or the executors of D. Ballou.

NOTE.—An order was entered, directing a nonsuit, but with leave to the plaintiff to amend the manner of pleading, so as to make it a suit against R. Ballou in his individual capacity; and in that case to take judgment against him alone.

[SARATOGA SPECIAL TERM, June 20, 1853. *Hand,* Justice.]