JOHN BURGOYNE, ADMINISTRATOR OF JAMES C. LUDLOW, DE-
CEASED, AND GEORGE C. MILLER, *v.* THE OHIO LIFE INSUR-
ANCE AND TRUST COMPANY.

At common law, the death of one of the joint makers of an obligation, extin-
guished all remedy at law against his estate.

No action at law could be maintained against his personal representative,
either jointly with the survivor or by a separate suit.

In such case relief was afforded in chancery, but only upon condition that
the remedy against the survivor had proved fruitless.

The principle of the common law was abrogated by the 90th section of our
administration law, (Swan's Rev. Stat. 378,) and the estate made liable in
the same manner " as if the contract had been joint and several."

The 38th section of the code of civil procedure allows all persons severally
liable upon the same instrument, to be included in the same action, at the
option of the plaintiff.

This section permits the joinder of the survivor, and the personal representa-
tive of the deceased obligor, in the same action, whether the contract is
in terms joint and several, or made so by the 90th section of the administra-
tion law ; and authorizes a several judgment to be rendered against each.

THIS is a petition in error to reverse the judgment of the
Court of Common Pleas of Hamilton county. Reserved in the
District Court.

*Woodruff & Hopkins,* and *Ball,* for plaintiffs in error.

*Worthington & Matthews,* for defendant in error.

RANNEY, C. J.

The action in the court below, was brought upon a joint and
several promissory note signed by Ludlow, Miller, and Dudley ;
the last of whom was not served with process. The demurrer
filed by Ludlow's administrator, was overruled, and a several
judgment, in due form, entered against him to be levied of the
goods, etc., of the intestate, and also a judgment against Miller
on default. It is now insisted that these several parties could
not be joined in the same action ; that the obligation must have
been treated by the creditor as either joint or several ; in the

one case warranting only a single judgment against the survivors, and in the other, requiring a separate action against each of the parties or their personal representatives. By a settled rule of common law, the death of one of the joint makers of an obligation, extinguished all remedy at law against his estate. If the contract was joint, the action must be joint, and a joint judgment must follow. But as the same judgment could not be rendered against the survivor, and the personal representative of the deceased party, the consequence was, that no action at law could be maintained against the personal representative, either jointly with the survivor or by a separate suit. 1 Chitty's Pl. 187; *Brigden* v. *Park*, 2 B. & C. 424; *Ashby* v. *Ashby*, 7 Id. 444; *Demott* v. *Field*, 7 Cow. 58; *Corner* v. *Shew*, 3 M. & W. 350.

In such cases relief was afforded in chancery; but only when a necessity for such interposition was shown to exist; and, therefore, only upon the condition that the remedy at law against the survivor, had proved fruitless. 3 Denio 65; 2 J. C. Rep. 508; 1 Story's Eq., sec. 162; 11 Paige Rep. 80; 10 Id. 101.

And inasmuch as no equities arise against a surety, and he is only legally bound upon the strict terms of the obligation into which he has entered, there is no small show of authority in the early cases for affirming, that no such interference can be invoked against the estate of a party thus situated. *Hoar* v. *Contanien*, 2 Bro. C. C. 27; *Sumner* v. *Powell*, 2 Mer. 30; *Ex parte Kendall*, 17 Ves. 519; *Weaver* v. *Shryork*, 6 Serg. and R. 262; 1 Story's Eq., sec. 164.

In view of the difficulties which surrounded this subject at the common law, legislation became imperative; and it has been fully supplied. By the 90th section of the act to provide for the settlement of the estates of deceased persons, (Swan's Rev. Stat. 378,) it is enacted, that "when two or more persons shall be indebted in any joint contract, or upon a judgment founded upon any such contract, and either of them shall die, his estate shall be liable therefor, *as if the contract had been joint and several,* or as if the judgment had been against himself alone." This statute effected an entire abrogation of the common law princi-

ple to which allusion has been made ; and left the estate of the
deceased joint debtor liable to every *legal* remedy, as fully as
though the contract had been joint and several.   Until the pas-
sage of the act to establish a code of civil procedure, it is very
true, his personal representative and the survivor could not be
sued in the same action.   But by the 38th section of that act, it
is provided, that " persons severally liable upon the same obliga-
tion or instrument, including the parties to bills of exchange and
promissory notes, may, *all or any of them*, be included in the
same action, at the option of the plaintiff."   And the 371st sec-
tion allows a several judgment to be given against any one of the
defendants, as the nature of the case may require.

In the opinion of the court, these sections permit the joinder
of the survivor or survivors, and the personal representative of
the deceased obligor, in the same action, whether the contract
is in terms joint and several, or made so by the 90th section of
the administration law upon the death of a joint obligor ; and
authorizes a several judgment to be rendered against each, ac-
cording to the nature of their respective liabilities.   We are
aware that these provisions of our code, are almost literally
copied from corresponding provisions in the code of New York ;
and that a different construction was placed upon them by a sin-
gle judge of the supreme court of that State, in the case of
*Morehouse* v. *Ballou*, 16 Barb. Rep. 289.   With all proper
respect for the opinions of each of the thirty-two judges of which
that court is composed, we think it much safer to rely upon the
obvious import of the language of our code, liberally interpreted
with a view to the objects intended to be attained, than upon the
multitude of conflicting decisions to be found in the reports of
the supreme court of New York.   But if we were bound to fol
low a New York decision, we need not go beyond the volume to
which we have been referred, to find authority for our own posi-
tion, and a direct contradiction to the case above cited.   In the
case of *Parker* v. *Jackson*, 16 Barb. 33, decided at a general
term of the supreme court, by four judges, it was held that all
the parties severally liable upon the same instrument, might be
prosecuted in the same action, and *several* judgments be entered ;

that such a proceeding was to all intents, under the code, a several action, giving the full right to separate defenses ; and that such an action might be maintained against the surviving debtor, and the representatives of a deceased co-debtor, without alleging the insolvency of the survivor.    On the whole, we can find no error in the proceedings of the court below, and its judgment should be affirmed.