DANIEL STAHL, Appellant, *v.* JOHN S. STAHL, Administrator, &c., and ENOCH STAHL, Respondents.

(GENERAL TERM, EIGHTH DISTRICT, SEPTEMBER, 1869.)

An action upon a judgment against the defendants therein, entered in form against them jointly, is presumptively an action against joint debtors.

The plaintiff sued the representative of a deceased judgment debtor, and the surviving co-judgment debtor, upon a judgment in usual form, recovered nearly twenty years previously on contract against the defendants therein, alleging execution returned unsatisfied against the said defendants and the insolvency of the survivor.—*Held*, on demurrer by the administrator, for want of a cause of action, that the complaint was good.

It is sufficient, in such an action, if the complaint states the survivor's insolvency, without averring the issuing and return of an execution unsatisfied against him.

THIS was an appeal taken from an order granted upon a hearing at a Special Term of the court, whereby a demurrer interposed by the defendant John S. Stahl, was sustained to the complaint of the plaintiff in the action,

Stahl v. Stahl.

which stated that in July, 1847, Wm. P. and Willard J. Daniels recovered a judgment in the Supreme Court against the defendants, Enoch Stahl and John Stahl, junior, for $924.98, in an action on contract, on personal service of process. The docketing of the judgment was averred and that Wm. P. Daniels died prior to May 16, 1867, and left a will; the complaint named the executors and stated that they and Willard J. Daniels sold and transferred the judgment to the plaintiff May 16, 1867. That John Stahl, junior, was dead, and the defendant, John S. Stahl, was administrator, &c.; that the judgment remained wholly unpaid and unsatisfied, that the defendant, Enoch Stahl was entirely worthless and insolvent, and that execution had been issued to the sheriff of Niagara county, where the defendants resided, and returned wholly unsatisfied. Judgment was demanded against the defendants for $924.98, with interest from July 2d, 1847.

The grounds of demurrer were:

1st. That no cause of action was stated against John S Stahl, administrator of, &c.

2d. Defect of parties, defendant, in joining Stahl, a surviving joint debtor with John S. Stahl, administrator of, &c.

3d. That it did not appear that any action or proceeding had been had against Enoch Stahl, the surviving joint debtor, before commencement of this action, nor that the remedy against him had been exhausted, nor that he was insolvent.

4th. That several causes of action had been improperly joined, as the complaint set forth a cause of action at law against Enoch Stahl, and an equity action, or facts which required the equitable relief of the court, as to the other defendant. The court ordered judgment for the defendant, John S. Stahl, with liberty to the plaintiff to amend, &c.

*Webster & Hunting*, for the plaintiff.

*L. F. Bowen*, for the defendant.

Present—MARVIN, LAMONT and BARKER, JJ

Stahl *v.* Stahl.

By the Court—MARVIN, P. J. Judgment was recovered against the two Stahl's in the Supreme Court, nearly twenty years before this action was commenced, in an action on contract. The plaintiff is the assignee of the judgment. One of the Stahl's is dead, and the defendant, John S. Stahl, is administrator of his goods, &c. The other judgment debtor, Stahl, is entirely worthless and insolvent, an execution had been issued upon the judgment and returned wholly unsatisfied, but when does not appear.

These facts are admitted by the administrator; but he insists that they are not sufficient to constitute a cause of action against him. I think we must hold that Enoch Stahl and John Stahl, Jr., were joint debtors. The judgment is the evidence of their indebtedness, and it is against them jointly. The judgment would have been in this form, if it had been recovered upon a demand rendering them liable jointly and severally. But as the action is upon the judgment, I think we must regard the liability at law as joint only. I understand it to be well settled, that an action at law could not be maintained upon any contract, whether joint or several, against a surviving debtor, and the personal representatives of a deceased co-debtor. The remedies against the surviving debtor, and the representatives of the deceased co-debtor, and the judgments to be entered, were different, and, in practice, they could not be united and carried into effect together. If the obligation was joint and several, a separate action could be maintained against the surviving debtor, and the representatives of the deceased. If the obligation was joint only, then, at law, the action was confined to the survivor; but, as great injustice might happen to the creditor, in case he should be deprived, as he was at law, of any remedy against the estate of a solvent deceased debtor, the surviving debtor being entirely insolvent, courts of equity interposed and afforded the remedy. As it was a rule in courts of equity, that the court would not take jurisdiction, and give relief in cases where the remedy was adequate at law; and as the remedy against the surviving debtor was clear and ade-

Stahl *v.* Stahl.

quate, in case he was solvent, the Court of Equity would not entertain jurisdiction. It was necessary that it should appear that the debt could not be collected of the surviving debtor; that he was insolvent; and as the recovery of a judgment, and the issuing of an execution, in proper form and to the proper sheriff, and its return unsatisfied, are generally regarded as the most satisfactory evidence of insolvency, I had supposed that this was the only evidence of insolvency which would be received by the court, and that these facts must appear in the complaint. I have consulted the cases, some of them quite recent, referred to by the respective counsel, and I am not sure that my previous impressions have been correct.

In *Butts* v. *Genung* (5 Paige, 256), the chancellor said: "There is no doubt as to the liability, in equity, of the real as well as the personal estate of the deceased partner, for the payment of the partnership debts, the surviving partner being insolvent and unable to pay anything." In that case a judgment had been recovered against the surviving partner, and an execution returned unsatisfied. He was made a party, and the chancellor said that he was not an improper party so as to make the bill multifarious.

In *Lawrence* v. *The Trustees, &c.* (2 Den., 577), there was an allegation in the bill, that a recovery at law had been had against the surviving partner, and that an execution had been returned unsatisfied, and that he was insolvent. In *Voorhies* v. *Childs' Executors* (17 N. Y. R., 354), the action was against the surviving partners, and the personal representative of a deceased partner, upon a note of the firm. There was no averment of a previous suit against the surviving partners, or of their insolvency. The representative of the deceased partner demurred on the ground that the complaint did not state a cause of action against him; and it was held that the personal representative of the deceased partner could not be joined as a party defendant with the surviving partners, when the complaint does not show the plaintiff's inability to procure satisfaction from the survivors.

It was supposed at one time, by some of the profession, that the Code had changed the law as to parties in such cases; and SELDEN, J., considers, at length, various provisions of the Code, and shows that they have not, in such cases changed the old rules; and after noticing the law, as administered by the English courts of equity, he says that it may be regarded as having been settled in this state, prior to the Code, that the creditor, in such a case, could not come into a court of equity, without showing either that the surviving partners had been proceeded against by execution at law, or that they were insolvent. Several of the judges concurred in the result, upon the ground that the complaint made no cause of action against the personal representative, reserving the question whether the insolvency of the surviving partners, or of the partnership estate, would justify a joint action against the survivors and the representatives of the deceased partner.

In *Hammersley* v. *Lambert and others* (2 J. Ch. R., 508), the chancellor says: It is well settled that relief may be had in equity against the representatives of a deceased partner having assets, if the surviving partner be insolvent. Also that the defendants could not set up a want of due diligence in not prosecuting the surviving partner before his insolvency. It appeared that the surviving partner had been discharged under the insolvent act, within four years of the death of his copartner, and the chancellor said this was a good plea in bar to any suit by a creditor. But the decision is put upon the broad ground that the suit can be maintained against the representative, in case the surviving partner is insolvent.

In *Moorhouse* v. *Ballou* (16 Barb., 289), there was no averment of the insolvency of the surviving debtor.

In *Yorks* v. *Peck* (14 Barb., 644), the action was against one of the makers of a joint note and the representatives of the deceased joint maker. The cause was tried by a referee, and a general judgment was rendered against the defendants for the amount of the note. The case came before the General Term upon appeal. The complaint contained no

averment of the insolvency of the surviving debtor, but it seems this appeared from the evidence on the trial; and STRONG, J., in his opinion, remarked that the action was analogous to a suit in equity in the late Court of Chancery, against the representatives of a deceased joint debtor upon the insolvency of the survivor, and that the surviving debtor was a proper party, and it was decided that the judgment was not erroneous. Justice STRONG recognizes the rule, before the Code, to have been that no joint action could be maintained against a surviving debtor and the representatives of the deceased joint contractor, except in cases where the survivor was insolvent. He intimates a doubt whether this is so under the Code. This doubt has since been removed by the Court of Appeals. ( *Voorhies* v. *Childs' representatives, supra.*)

I doubt whether *Yorks* v. *Peck*, would now be sustained, without an amendment of the complaint alleging the insolvency of the surviving debtor, and thus conforming it to the proof, and also a correction of the judgment.

It may be as well to say here, that in equity the contracts of partners and other debtors, though in form joint only, are regarded as several where some of the debtors or contractors have died. This rule prevails in England and this country; and in England it led the court to entertain jurisdiction of a suit against the representatives of a deceased partner to enforce payment of the debt out of assets, without regard to any proceedings at law against the surviving partner.

In this country this principle has not been so applied. Here courts of equity require that the remedy at law, against the surviving debtor should be exhausted, or that it should appear in the bill or complaint that he was insolvent, before a suit in equity can be maintained against the representatives of the deceased debtor to reach assets. See the cases, *supra*, Story, Eq. Plea., § 178, and notes, § 167.

In applying the principle established by the authorities to the present case, I have come to the conclusion, that the complaint does state facts sufficient to constitute a cause of action against John S. Stahl, the administrator of, &c. John

Stahl, junior. It is an action in equity against him to reach and apply the assets in his hands to the payment of the debt. The averment in the complaint, of the entire worthlessness and insolvency of Enoch Stahl, the surviving debtor, is sufficient to give the court jurisdiction in equity to proceed against the representatives of John Stahl, junior.

The authorities show that Enoch Stahl, the surviving debtor, was a proper party ; but whether he is a necessary party, was left undecided in *Butts* v. *Genung* (5 Paige, 254). The reason assigned in the English cases for joining the surviving partner is, that it is necessary to an entire account of the assets, and that the survivor is interested to contest the demand of the plaintiff and of all persons claiming to be joint debtors. (See Story, Eq. Plea., § 178, and note.) It is said that no decree can be made against him in such suit.

I very much doubt whether, in the present case, Enoch Stahl was a necessary party. It does not appear that the debt, upon which the judgment was recovered, was a *partnership* debt ; and as a judgment has been recovered upon it, I am not able to see what interest Enoch has to be protected in this action. But it is not necessary to express any opinion upon this question. It is enough that a good cause of action is stated against the administrator. Several causes of action are not, in this case, improperly united. It is an action in equity against the representative of the deceased debtor, and Enoch Stahl, the surviving debtor, was a proper party ; and all the material facts stated, were necessarily stated to show a cause of action against the representative, and the propriety of making Enoch Stahl a party. It is quite probable that the pleader took a different view of his case, and we may infer this from the demand for judgment ; but there can be no demurrer to the demand for judgment. A demurrer can only be interposed to the facts stated in the complaint. When there is no answer, the relief cannot exceed the demand in the complaint ; in other cases, the court may grant any relief consistent with the case made by the complaint, and embraced within the issue. (Code, § 275.)

It may be well for the plaintiff's counsel to consider whether, in case the defendant, John S. Stahl, shall fail to answer, he will be able to obtain the relief he needs, and which is consistent with the case made against John S. Stahl by the complaint.

The order of the Special Term should be reversed, and the plaintiff should have judgment upon the demurrer, with leave to the defendant to withdraw it and answer, on payment of costs.

Judgment reversed.