[*Special Term, January*, 1872.]

## LEVI *v.* BUCHANAN AND CO.

The plaintiff brings an action against A., B., and C., administrator of D., on a promissory note, made by the firm of A. & Co., which consisted of A., B., and D. The petition does not show that any one of the conditions required by section 96 of the act of 1840, to provide for the settlement of the estates of deceased persons, has been fulfilled.

*Held*, on demurrer, that the action was improperly brought against C., administrator of D.

*H. M. Moos*, for plaintiff.

*Sage & Hinkle*, for defendant.

WALKER, J. This is a suit against C. M. Buchanan, C. B. Foote, and B. F. Brannan, administrator of Laboyteaux, deceased, on a promissory note, signed by Buchanan & Co., which firm was composed of Buchanan, Foote, and Laboyteaux.

The petition is in the usual form, and does not aver any special presentation to the administrator for allowance, or any refusal by him to allow the claim.

The administrator demurs, on the ground that as to him the petition does not state facts sufficient to constitute a cause of action.

The case of *Burgoyne, Adm'r, v. Ohio L. Ins. and Tr. Co.,* 5 Ohio St. 586, cited by counsel for plaintiff, does not touch the case. There, the decision was that the parties were not properly joined. Here, the joinder is not complained of,

but it is claimed that special steps were necessary to charge the administrator, and that the petition does not show that these steps have been taken.

The petition shows that Brannan was appointed administrator October 26, 1871.

The act of 1840 for the settlement of the estates of deceased persons, S. & C. 584, provides:

" Sec. 96. No executor or administrator shall be liable to the suit of a creditor of the deceased, until after the expiration of eighteen months from the date of his administration bond, or the further time allowed by the court for the collection of the assets of the estate, unless it be for the recovery of a demand that would not be affected by the insolvency of the estate; or unless it be brought after the estate has been represented insolvent, for the purpose of ascertaining a claim that has been contested; or unless the claim has been exhibited to the executor or administrator, and has been disputed or rejected by him."

Now the petition itself shows that the eighteen months have not elapsed since the appointment of the administrator, and yet fails to bring the suit within either of the three classes in which only suit is authorized within such time.

The demurrer will therefore be sustained, and care taken to amend by inserting the necessary averments to charge the administrator, if they can be made.