WEEKES v. GARVEY.

(*Superior Court of New York City, General Term.* April 15, 1889.)

MORTGAGES—CONVEYANCE SUBJECT TO—RECONVEYANCE.

Where the owner of mortgaged property conveys it subject to the mortgage, and subsequently his grantee reconveys it to him with covenants against incumbrances, and without mention of the mortgage, he has no right of subrogation upon payment of the mortgage debt.

Appeal from equity term.

Action by Henry De Forest Weekes, as administrator of James Garvey, against John Garvey, impleaded, etc., seeking subrogation to the rights of a mortgagee. The court dismissed the complaint, and plaintiff appeals.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Frederick P. Forster*, for appellant. *George C. Genet*, for respondent.

SEDGWICK, C. J. The question made by appellant on this appeal arises from the following facts: The plaintiff was the administrator of James Gar-

vey, who died intestate. The intestate, at the time of his death, was in act-
ual possession of a house and lot, which were incumbered by a mortgage made
by him to secure his bond. He appeared from the record to have title. The
administrator paid the bond, and a satisfaction of the mortgage was made by
the mortgagee. Afterwards the administrator ascertained that James Gar-
vey had conveyed the property to Michael Morrison, subject, as expressed in
the conveyance, to certain mortgages, of which the satisfied mortgage was
one. Afterwards Morrison reconveyed the premises to James Garvey, the
conveyance not alluding to the mortgage. Afterwards, according to the sixth
finding, James Garvey conveyed to John Garvey. Then James and John
made a sealed contract, in which John reconveyed to James, and James cov-
enanted to convey to the son of John upon the happening of certain events.
For the purposes of this appeal, it is not necessary to give any further de-
tails, excepting that in a suit to which the plaintiff was not a party the con-
tract last referred to was enforced, so that conveyance was made to John
Garvey as the heir of his son, who had died. On these facts the plaintiff
claims that at the time he paid, in satisfaction of the mortgage, he was en-
titled to be subrogated to the rights of the mortgagee, as against the land,
because he was a surety as to that land, the land having been conveyed by
James Garvey subject to the mortgage, and that, he having paid the mort-
gage in ignorance of the unrecorded conveyance to Morrison, his right of sub-
rogation still exists.

My opinion is that the claim cannot be sustained. Conceding that it was
apparently the duty of the plaintiff, as administrator, to pay the bond and
mortgage, if the intestate had not conveyed the land, yet the reconveyance to
the intestate annulled the rights that might have existed in him had he not
reconveyed it. A person buying subject to a mortgage buys an equity of re-
demption, and a purchaser of the equity of redemption pays less, by legal in-
tendment, than the value of the property as it would be, if unincumbered by
the amount of the incumbrance. The grantee then has value reserved in his
hands to be applied to the incumbrance. *Cox* v. *Wheeler,* 7 Paige, 257; *Van-
derkemp* v. *Shelton,* 11 Paige, 34. Such was the state of matters when the
conveyance to Morrison was made. If Morrison had conveyed to another
than James Garvey, the grantee would have held the land subject to the eq-
uitable right to have the land applied to the mortgage, although the convey-
ance did not convey, in words, subject to the mortgage. *Jumel* v. *Jumel,* 7
Paige, 594. The grantee being James Garvey, the mortgagor, he became re-
possessed of the fund or value which his grantor had formerly held, and which
was primarily to be applied to the mortgage. Moreover, he took a covenant
against incumbrances from which the mortgage was not excepted. It was
not mentioned in the deed to him, as it had been in the deed by him. The
reconveyance put him in possession of the indemnity that was provided in
the deed to him. The subsequent conveyances do not disclose any foundation
for an equity like that claimed in the action. Judgment affirmed, with costs.
All concur.