Parker *v.* Jackson.

---

## PARKER *vs.* JACKSON and others.

Where an action is brought against a partner, upon a note signed with the partnership name, and one of the defendants sets up as a defense that the note was given in renewal of a note made by another firm, of which he was not a member, and that the name of his firm was signed to the note in suit without his authority; and such defendant is discharged by the jury on that ground, a judgment may be entered *in his favor,* and *against his co-defendant.*

In such a case the holder of the note may bring a several suit against the partner who signed the partnership name to the note; and on proving that the name of the firm was used by the defendant without any authority from his partner, he may recover a several judgment.

The code allows a *several judgment* to be entered whenever a *several suit* might have been brought.

An action against persons jointly and severally liable upon a promissory note, is, to all intents and purposes, a several action, under the code. And the parties to such action may make all the objections, and enjoy all the rights, which would be allowable in a several suit.

Parker *v.* Jackson.

Therefore, when administrators are sued upon a joint and several note, with others, they are to be regarded, in respect to the application of the statute of limitations, as if they had been sued separately; and the eighteen months after the death of their intestate, during which suits are not to be commenced against personal representatives, must be added to the six years, before the statute can be made a bar.

Upon a joint and several demand, a suit in equity may be brought against both the surviving debtor and the representatives of a deceased co-debtor, without alleging the insolvency of the survivor.

THIS was an action brought on a promissory note, of which the following is a copy :

" $2300. One year after date, we jointly and severally promise to pay Chauncey Parker or bearer, at our office, twenty-three hundred dollars, and interest, for value received.  Cazenovia, January 23d. 1842.     R. JACKSON & Co.

E. S. JACKSON.

WM. BURTON, surety.

BENJA. T. CLARK, security."

Rensselaer Jackson and Elijah G. Atwood, who constituted the firm of R. Jackson & Co., William Burton, Benjamin T. Clark ; and Rensselaer Jackson, E. Steele Jackson, and Simon C. Hitchcock, administrators of Eliphalet S. Jackson, who had died in June, 1847, were made defendants in this suit.    Rensselaer Jackson did not answer.    Elijah G. Atwood answered that, though he was a member of the firm of R. Jackson & Co. when the note was executed, yet the note was given in renewal of a note of a former firm of which he was not a member, and the name of the firm was signed to it without his authority.    The other defendants set up the statute of limitations as their defense. On the first trial of the cause, Atwood having proved the fact set up in his answer, was discharged, and a verdict passed in his favor, and against all the other defendants.    On an appeal from the judgment rendered at the special term a new trial was granted, on the ground that the note was barred by the statute of limitations, as to Burton and Clark, two of the defendants.    On the second trial, Atwood having had a verdict in his favor, the cause came down without him ; and following the judgment of the court at the general term, the judge charged the jury in accord-

ance with that decision, and they found a verdict in favor of Burton and Clark, and against R. Jackson and the administrators of Eliphalet S. Jackson. Whereupon the judge ordered a judgment, against R. Jackson, and against the administrators, to be collected out of the goods of their intestate. To this direction there were several exceptions, and an appeal was brought by the administrators, on the several grounds taken in the exceptions.

*Wm. J. Hough*, for the appellants. I. R. Jackson and E. G. Atwood, being the principal debtors and joint makers of the note, forming but one party, under the style and firm of "R. Jackson & Co." a several judgment against one of them is erroneous. It is not a case where a several judgment is proper; the plaintiff must recover against both or neither. Section 274 of the Code provides that the court may, in its discretion, render judgment against one or more of *several* defendants, and in favor of others, *when a several judgment would be proper*. It is here clearly implied that in some cases a *several judgment would not be proper*. There is, in this section of the code, a plain recognition of the principle, that in an action against several defendants to recover damages for the breach of a *joint* contract, the plaintiff must recover against *all or none of them*, except in those cases where a *several* judgment would be proper, such as the cases provided by statute where the defendants hold different relations to the plaintiff, as maker and indorser of a note, &c. The principle, then, is left by the code as it stood at common law; that when a party brings his action against two or more defendants, upon a contract, he must recover against *all of them or none*, except in one of the excepted cases under the statute, as maker and indorser, &c. (1 *Ch. Pl.* 37, *and cases there cited. Manahan* v. *Gibbons*, 19 *John.* 109. 4 *How. Pr. Rep.* 272.) The previous judgment against R. Jackson remaining unreversed, was a bar to the recovery of another judgment against him for the same cause of action.

II. By suing the joint and several makers of the note together, the plaintiff has made his *election* to treat the contract as *joint only*, and he must *abide by that election*. (*Bank of Genesee*

v. *Field*, 19 *Wend.* 644. *Platner* v. *Johnson*, 3 *Hill*, 476, 7. *Miller* v. *McCagg*, 4 *Id.* 37. *Robertson* v. *Smith*, 18 *John. Rep.* 459.)

III. The liability of the defendants being *joint* and not joint and several, (by the election of the plaintiff in suing them jointly,) the plaintiff must recover against *all* or he cannot have judgment against *any* of them. (*See authorities cited to first point.*) The plaintiff did not claim to recover against the defendant Atwood. He was a *joint* and not a joint and several maker of the note, and by his release, the right to recover against his co-makers of the note was also released, and the action barred as against them. That a judgment had previously been rendered in favor of Atwood, was no bar to the plaintiff's right to recover against him jointly with the other defendants, unless it had been pleaded in bar, or shown to have been in consequence of a bankrupt's or insolvent's discharge. The proofs show him jointly liable with R. Jackson, in such manner as to render a several judgment improper. In this joint action a failure to recover against Burton and Clark was a bar to the plaintiff's recovery against the representatives of their co-surety, E. S. Jackson. It is only upon their *unity* of interest that they are sued jointly; they cannot be treated in this action as several debtors, any more than they could if they had signed separate obligations. That is, the plaintiff cannot have several judgments against them in this joint action, any more than he could if they had signed several obligations or notes.

IV. R. Jackson & Co. being the principal debtors, and the other makers of the note their sureties, the action is barred, by the statute of limitations, against all the other makers of the note. The payments made by R. Jackson do not take the note out of the operation of the statute as against the other defendants. (2 *Comst.* 523, 512. 4 *Barb.* 530, 178. *Ang. on Lim.* 254, § 3.)

V. The action is barred by the statute of limitations, as well against the estate and representatives of E. S. Jackson, deceased, as against the other makers of the note. § 8, 2 R. S. 448, has no application to this case; it applies only to sole decedent

Parker *v.* Jackson.

debtors, or if there be more than one, then all must be dead, to bring the case within the provisions of this statute. (*Brown* v. *Delafield,* 1 *Denio,* 445. *Parry* v. *Jackson,* 4 *D. & E.* 516.) That section is as follows : " The term of eighteen months after the death of any *testator* or *intestate* shall not be deemed any part of the time limited by law for the commencement of actions against *his* executors or administrators." If, in this section, instead of "*testator or intestate,*" the word *person* had been used, the sense and meaning would have been the same. By § 11, 2 R. S. 778, the word *person* is declared to mean *persons,* in the plural, where, as in this case, the contract upon which the action is brought is against more than one *person.* The language, therefore, of this section, plainly refers to a cause of action against *one person* alone, (or if there be more than one, then all must be included,) and not where it exists against several, and but one or more dies, leaving one or more surviving. By § 27, 2 R. S. 297, it is provided : " If after such cause of action shall have accrued, such *person* shall depart from and reside out of this state, the time of *his* absence shall not be deemed or taken as any part of the time limited for the commencement of such action." This section, when taken in connection with § 11, 2 R. S. 778, refers to a cause of action against one person only, or if there be more than one, then all must be out of the state to bring the case within its provisions. (1 *Denio,* 445.) " The time which shall have elapsed between the death of any *person* and the granting of letters," &c. " not exceeding six months, and six months after the granting of such letters, shall not be deemed any part of the time limited by any law for the commencement of actions by executors or administrators." (2 *R. S.* 448, § 9.) The word *person,* in this section, means *persons,* where there are two or more joint creditors, and all must be dead, to bring the case within it. If, in the case at bar, Chauncey Parker and (say) George Parker had been joint payees and owners of the note, and George had died, it would not have been a case within the spirit and meaning of this 9th section of the statute. *Both* must have died, to have suspended the running of the limitation. The same rule applies in case of absence beyond the

seas of one of several joint creditors. (4 *D. & E.* 516.) To bring the case within the spirit and meaning of these provisions, there must be such a disability as to suspend the commencement of the action either for or against all the parties, plaintiffs or defendants ; such as that there is no person capable of suing or being sued. In the case at bar one of the principal debtors, and both the co-sureties, have been discharged from liability upon the note by the judgment of this court, upon the ground that the statute of limitations was a bar ; and if the judgment against the only remaining surety is sustained, the payment of the entire demand is thrown upon the estate of E. S. Jackson, deceased, without the right to call upon the co-sureties to contribute, or upon the only responsible principal debtor to refund the moneys paid. Or if, upon the payment of the money by the administrators of the remaining surety, a cause of action arises in their favor against the principal debtor (who has been discharged) or the co-sureties, growing out of the original agreement by implication, then they would be made liable to pay a debt from which they have severally been discharged by the judgment of this court, which remains unreversed. Such a legal *anomaly* is not to be supposed.

VI. The action cannot be maintained against the administrators of E. S. Jackson, deceased, jointly with the surviving makers of the note. § 118 of the code: " Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. § 119 : " Of the parties to the action, those who are *united* in *interest* must be joined as plaintiffs or defendants." The administrators of E. S. Jackson neither *have* or *claim* an *interest* in the controversy adverse to the plaintiff, nor are they a necessary party to a complete determination or settlement of the questions involved ; nor are they *united in interest* with any of the other parties. The plaintiff, by suing them jointly with the other defendants, has elected to treat the contract as *joint* only, and he *must abide by that election.* By the death of E. S. Jackson the joint contract and liability upon the note, and con-

Parker *v.* Jackson.

sequently the joint interest between the parties, ceased, and the *unity* of interest also ceased. (4 *Barb.* 534.) " When one of several makers of a joint and several note dies, the joint contract ceases ; it is determined by the death of one ; the note then becomes the several note of the survivors, and no action can be maintained against the administrators of the deceased." (*Ang. on Limitations,* 278, § 4.) The administrators of a joint and several debtor may be sued at law severally, but not jointly, with the survivors, because one is to be charged *de bonis testatoris,* and the other *de bonis propriis.* (13 *Petersd.* 135. 1 *Ch. Pl.* 37, *and cases there cited.* 4 *Barb.* 534.) If sued severally it would be upon the principle that they are severally indebted, and have no greater *joint* or *united* interest than they would have had if their indebtedness had been by several or separate notes. The new provisions of the code do not authorize a joint action where there is no *joint* or *united* interest. In this case it is very clear the unity of interest is gone. An action, therefore, cannot be maintained against the administrators jointly with the survivors, either at law or in equity, (the deceased being only a surety,) any more than it could if the several undertaking had been by several or separate notes or obligations. " At law the action is gone against the deceased debtor, the survivor only being liable ; and equity will not charge the estate of a *surety* which has been discharged at law." (7 *Bac. Ab. Obligations,* 4. 3 *Ves. jun.* 399. 2 *Ves.* 105. 2 *Wash. Va. R.* 136. 2 *Bro. Rep.* 31. 4 *Dessaus. Ch.* 148. 13 *Petersd.* 135. 3 *Denio,* 65.) Before the code it is clear the action could not have been maintained at law. · If the code has changed the rule so that it can now be maintained, it has but extended the rule so as to include cases which before could only be reached in equity. It has not created any new rights or liabilities, and a recovery against the administrators can only be sustained upon the same principles upon which, before the code, they were held liable in equity. And as this action treats them as joint debtors. they could not, under the old regime, have been charged in equity jointly with the survivors, nor severally even, without showing in the complaint that the remedy had been exhausted

against the survivors, or that they were insolvent, &c.   So, in
the present case, if the action can be maintained against them
jointly with the survivors, under the code, to entitle the plain-
tiff to recover, he was bound to make out a case which would
have entitled him to recover in equity, under the old regime.
He has made no such averment in his complaint, nor has he
proved such a case on the trial; nor could he prove it, for want
of such averment, even under the code.   (2 *Comst.* 506, 7.
6 *Hill*, 350.   3 *Id.* 262.   2 *Denio*, 582.   3 *Id.* 61.   8 *Paige*,
238.   1 *Wend.* 148.   2 *Mass. R.* 572.   1 *Ch. Pl.* 37.   6 *Mass.
R.* 18.)   When, in respect of any of the defendants, the right
of action is *gone* or *suspended*, their joint liability being at an
end, the other defendants may avail themselves of it, whether
produced by the act of the party or the operation of law; as, on
a joint obligation, the plaintiff must recover against all or none.
(*Robertson v. Smith*, 18 *John.* 459.)   The obligation is joint
as against R. Jackson and Atwood, upon its face, and not joint
and several, and is *gone* as to Atwood by the judgment in his
favor.   The joint obligation as against E. S. Jackson, is *sus-
pended* by his death, and of course the joint cause of action is
gone as against him and his representatives.   Again; the ac-
tion is *gone* against Burton and Clark, (by the judgment in
their favor,) the joint liability of the makers of the note is, there-
fore, ended, and the administrators of E. S. Jackson may avail
themselves of it.   The plaintiff in this action must recover
against *all* or *none*.   The plaintiff, therefore, cannot, in any view
of the subject, maintain a recovery against the administrators
of E. S. Jackson in a joint action with the other defendants.

*B. Davis Noxon*, for the respondent.   I.  The action was well
brought against the surviving makers of the note and the repre-
sentatives of E. S. Jackson, deceased.   (*Code*, § 118.   1*st code*,
§ 98, *and note of commissioners, code*, § 69.   *See also* 2 *Denio*,
585; 1 *Chit.* 37; 1 *Wend.* 148.)   II. The statute of limita-
tions interposed by the representatives of E. S. Jackson, cannot
be a defense for them, as the period of seven years and six
months had not elapsed since the maturity of the note and the

Parker *v.* Jackson.

commencement of the action. (3 *Hill,* 36. 2 *R. S.* 365, § 8, 2*d ed. Code,* § 73–102.) III. Rensselaer Jackson makes no defense, and the question arises, can a judgment be rendered against the representatives of one of the makers of a joint and several note, and a surviving maker. Under § 274 of the code, judgment may be for or against any of the parties. Under sub. 3 of § 136, if all of the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment, if the action had been against them or any of them alone. IV. The defendants insist that judgment cannot pass against Jackson alone, because he and Atwood are joint makers. Atwood answers that the note in question was not made with his assent, but was made exclusively for R. Jackson's benefit. All the other defendants answer that the old firm of Jackson, Loomis & Co. was composed of R. Jackson, Harry H. Loomis and Lucian D. Coman, and that the note in question was given by R. Jackson to the plaintiff, in renewal of the old note. Judgment passed in favor of Atwood upon the ground that he was not liable. V. If R. Jackson had no authority to sign R. Jackson & Co. to the note, it will not avail the sureties, as they knew upon what consideration, and for what purpose the note was given. (14 *Wend.* 133.)

*By the Court,* GRIDLEY, J. I. It is objected that Rensselaer Jackson and Atwood, being joint makers of the note, and forming but one person or party, the plaintiff must recover against *both;* and cannot recover against one of them alone, under the pleadings and proofs. To this objection, which forms the substance of the three first points of the defendants, there are several answers. (1.) We know by the answer of Atwood that the ground of his discharge by the jury was, that the firm name was improperly used by the defendant R. Jackson ; that, though a member of the firm, he was not in law a party to the note ; having been made so without any authority, any more than if his name had been forged to the paper. Now, in such a case, had the plaintiff known the facts, as they were proved, he might

have sued Jackson alone (leaving out Atwood,) and recovered against him. The question then arises, whether the code allows a judgment to be entered, in such a case, against Jackson and in favor of Atwood. This question is answered by the 136th section of the code. The two first subdivisions of this section prescribe the rule of proceeding, first, when the action is against defendants jointly indebted; secondly, against defendants severally liable; and the third subdivision reads as follows: "If all the defendants have been served, judgment may be taken against any, or either of them, severally, when the plaintiff would "*be entitled to judgment against such defendant or defendants, if the action had been against them, or any of them alone.*" In other words, the code allows a *several judgment* to be entered, whenever a *several suit* might have been brought.(*a*) The plaintiff might have brought a *several suit* against R. Jackson on this note; and by proving that the name of the firm had been used by him without any authority from Atwood, have recovered a *several judgment*, and the last part of the third subdivision of the 136th section, in connection with the 274th section, which provides that "In an action against several defendants, the court may in its discretion render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper," fully justifies the several judgment rendered in this case, against Jackson and in favor of Atwood. These provisions of the code supersede the common law principle, that a party by suing the defendants in a joint and several demand *jointly*, elects to consider the demand joint; and they prevent the necessity of a nonsuit, when by the former practice it would have been the consequence of a failure to prove a joint contract. (2.) Another answer to the objection is found in the fact that the suit is in the nature of a bill in equity, as will be shown hereafter; and that in a court of equity decrees are constantly given, for or against the parties as justice requires, without regard to the rigid rules of the common law in relation to joint contracts. (3.) Again; it is a fatal objection to this exception that no party has appealed from the judgment who is au-

(*a*) See *Harrington v. Higham,* (15 *Barb.* 524.)

Parker *v.* Jackson.

thorized to complain of the error, if one has been committed. The only parties who appeal are the representatives of Eliphalet S. Jackson, who sustain no joint relation to Rensselaer Jackson and Atwood, by the note (which was several,) nor by the judgment, which is in its nature several also. The only party who had a right to raise this objection was R. Jackson, and he has not appealed. The administrators can no more object here than if they had been sued severally and a several judgment had been rendered against them.

II. Judgment was rendered against Rensselaer Jackson, because *he had promised within six years ;* and against the administrators of E. Jackson under the provision contained in 2 R. S. 448, § 8, which reads as follows : " The term of eighteen months after the death of any testator or intestate shall not be deemed any part of the time limited by law for the commencement of actions against executors or administrators." Now another objection to the recovery in this case is that the statute applies to *sole debtors,* and no others ; and that when sued with others, the rule is the same as that applicable to the others. (1 *Denio,* 445. 4 *T. Rep.* 516.) To this objection our answer is, that before the code became a law, and in a suit at law, no action could be sustained against the executors or administrators of a deceased joint debtor. The action must have been brought against the surviving joint debtors. (1 *Chit. Pl.* 50. 4 *Barb.* 534, 5. 5 *East,* 201. 1 *Wend.* 148.) And that the present action is to all intents and purposes a several action, under the code. By the 120th section of the code " persons severally liable, upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may, *all* or *any* of them, be included in the same action, at the option of the plaintiff." This, say the commissioners, " is conformable to the present statute authorizing suits against the different parties to bills and notes." That statute preserved all the rights of the respective parties, severally, though they were allowed to be joined in one suit. And under the code (*Secs.* 136, 274,) we have seen that several judgments are to all intents and purposes rendered on a joint and several note. We mean by this,

that the parties who might have been served severally may make all the objections, and have all the rights accorded to them, which would have been allowable in a several suit. So, in relation to the application of the statute, the administrators of Eliphalet S. Jackson are to be regarded as if they had been sued separately, and had a several judgment against them. If they had been sued alone, on this note, (which is several as well as joint) no one can doubt that the eighteen months must have been added to the six years, to make the statute a bar. And had Rensselaer Jackson been sued separately, judgment would have passed against him, as he had renewed his promise within six years. Now it was the *intent* and *genius* of the code to authorize a joint suit, preserving the same rights and liabilities to the several parties that they would have been entitled or subject to if they had been served separately and separate judgments obtained against them. Such is the judgment in this suit; it is several, so far as to direct it to be levied of the lands and goods of R. Jackson; and against the goods and chattels of the intestate of the administrators. We are of opinion, therefore, that this objection is not tenable.

III. Again; it is said that no joint recovery can be had against the surviving debtors and the representatives of a deceased co-debtor. It is true that *at law* no action lay against the representatives of a deceased joint debtor. And it has been adjudged in this state, in the court of errors, that no action lies, in equity, against the representatives of a deceased debtor, on a *joint demand*, till the plaintiff has exhausted his remedy at law against the surviving debtors; and shown that they are insolvent and that the remedy is fruitless. (2 *Denio*, 585.) The chancellor so holds the law to be in this state, notwithstanding he concedes that the recent English cases establish a different rule. But all the judges admit that, on a *joint and several demand*, like the one before the court, a suit will lie against both the surviving debtors and the representatives of a deceased co-debtor, without alleging the insolvency of the surviving debtors. The chancellor says, in *Lawrence* v. *Trustees of the Leake and Watts Orphan Asylum*, (2 *Denio*, 586, 7,) "The question

whether a creditor of a copartnership firm, one member of which has died, can file a bill in this court against the representatives of the decedent, and the surviving members of the firm, for payment, without averring in his bill that such surviving members are insolvent, appears to be one on which the decisions in this country are in conflict with some recent decisions on the subject in England." He afterwards says that his own opinion had been that it was necessary to show in the bill an excuse for not proceeding at law against the surviving debtors; "but" he adds, " when the debt was *joint and several the rule was otherwise.*" Judge Jewett comes to the same conclusion (*Id.* 589,) and says " This is on the ground that such debt is *joint,* and not *joint* and *several.* In the case of joint and several debtors the rule is otherwise." Collyer, in his treatise on Partnership, published in 1832, after reviewing the authorities, says, " The result of these authorities is that upon the death of a partner, the creditor of the firm, *unless he holds the joint and several security of the partners,* has no immediate claim on the deceased partner's estate as a separate creditor of that partner; but only a claim through the equities of the partners themselves, which claim may be exercised in case of the insolvency of the partnership estate." Afterwards, in several cases in the English courts of chancery, the rule is established that a resort may be had, in that court, to the representatives of the deceased partner, on the ground that in equity a *partnership* demand is *several as well as joint.* The demand in this suit is *several* as well as *joint,* and as the law stands, both here and in England, it is lawful to bring a suit in equity against both the surviving debtor and the representatives of a deceased debtor; without alleging the insolvency of the surviving partners upon a demand which on its face is several as well as joint.

IV. We might, undoubtedly, so modify this judgment as to let it stand against the administrators of E. S. Jackson, by striking out the judgment against R. Jackson, if we had any reasonable doubt of the right of the plaintiff to maintain the judgment against both. The 330th section of the code gives us full power to do this. It enacts " upon an appeal from a judgment or or-

der, the appellate court may *reverse, affirm,* or *modify* the judgment or order appealed from, in the respect mentioned in the notice of appeal, and as to any or all of the parties." But we are of opinion that for the reasons we have given, there is no error in the judgment as it was ordered at the circuit, and therefore we affirm it.

Judgment affirmed, and new trial denied.

[ONEIDA GENERAL TERM, January 5, 1852. *Gridley, Pratt, W. F. Allen* and *Hubbard,* Justices.]