THE STATE, EX REL. GRISWOLD, AUDITOR, *v.* ROBERTS ET AL.

PLEADING.—*Contracts.—Joint or Joint and Several.*—In a suit upon the official bond of a county treasurer, it was *held,* that the plaintiff had the right to sue all the defendants (the principal and sureties) upon the obligation, whether it be viewed as a joint or as a several obligation; that while the code has made no change in the rule at common law, where the contract is joint

only, it has changed the rule as to contracts several, or joint and several, and an official bond of a county treasurer is within the provisions of section 20, 2 G. & H. 50.

*Held*, also, that the bringing of an action against all the parties, principal and sureties, on such a bond, does not show an election to treat the.cause of action as joint or as several.

*Held*, also, that in such a case the court may, if the plaintiff elect, at the time of the rendition of the judgment, to treat the instrument as several, render separate judgments against the defendants liable; or if the plaintiff, on the contrary, then elect to treat it as joint, and the defendants are shown to be jointly liable, render a joint judgment against all of them; and in either case the plaintiff can have but one satisfaction.

*Held*, also, that the rendition of a judgment in such an action against the principal alone does not merge the several liabities of the sureties (sec. 366 of the code), and consequently such a judgment does not authorize the court thereupon to dismiss the action as to the other defendants.

APPEAL from the Noble Circuit Court.

DOWNEY, J.—The complaint in this case was originally against the appellees and one Lewis J. Blair, upon the official bond of said Blair as treasurer of DeKalb county. Said bond was by its terms joint and several, and was signed by appellees as sureties for said Blair. Process was had upon all the defendants, and they all appeared and joined in an answer of general denial and one of payment, and some other answers, to which demurrers were sustained. The appellees also filed twelve separate answers (not affecting the liability of Blair), on ten of which, and upon said plea of payment, issues of fact were formed, by a reply in general denial—demurrers having been · sustained to other answers and replies.

The issues so joined were tried by jury, and verdict returned for plaintiff, as against Blair, for twenty thousand eight hundred and twenty-six dollars and forty-two cents, and for the other defendants. Judgment, accordingly, against Blair, and in favor of the other defendants for costs. Motion for new trial was made by plaintiff, overruled, and the case appealed to the Supreme Court, where the judgment (except as to Blair, who was not made a party to the appeal) was reversed, and the case remanded, with instructions to sustain

The State, *ex rel.* Griswold, Auditor, *v.* Roberts *et al.*

the demurrers to some of said answers, and to permit all parties to amend their pleadings. The case is reported in 32 Ind. 313. The circuit court, at its next term, on motion of plaintiffs, caused the opinion of the Supreme Court to be spread on its record of the case, and, in accordance with said opinion, sustained the demurrers to the answers. Thereupon the defendants asked leave to amend their answers, which leave was granted and time given; and thereupon plaintiff moved the court for judgment against said defendants for costs accrued in the trial had, which was accordingly entered. Thereupon the appellees filed a motion to dismiss, which the court took under advisement, and the cause was continued.

At the next term, April, 1871, a change of venue was taken by the plaintiff from the judge, and the cause was set down for trial on July 25th, 1871, before the Hon. Wm. M. Clapp, Common Pleas Judge. On said day, before said last named judge, the appellees renewed their motion in the following words (except the formal parts): "The defendants move the court to dismiss this action, on the ground that the plaintiff, at a previous term of this court, took final judgment against the principal, Lewis J. Blair, named in said bond in said complaint mentioned, who was sued jointly with them in this action."

This motion the court sustained, making the following finding and judgment:

"And it appearing to the court that this suit was commenced against said defendants and the principal, Lewis J. Blair, mentioned in said bond in said complaint set forth, jointly, and that the plaintiff, at the July term, 1868, took final judgment in this action against the said Blair as such principal, and that there was no order made by said court at said term as to these defendants; wherefore the court finds that said bond became and was merged in said judgment as rendered against said Blair, and that the plaintiff cannot further prosecute this suit against these defendants. It is therefore considered by the court that this suit be dismissed,

and that the defendants recover of the plaintiffs their costs and charges herein."

To this finding and judgment exception was duly taken, and reserved by bill of exceptions; and now upon appeal, it is assigned for error, that the court erred in sustaining said motion to dismiss, and in entering judgment of dismissal of the case. Was that action of the court right? This is the only question in the record.

The rule of law, that a judgment against one or more joint debtors is a bar to a subsequent action against the others, is well settled, and has been repeatedly applied by this court. It proceeds upon the ground that there can be but one judgment on such a cause of action, unless otherwise provided by statute, and that the judgment against a part of the joint debtors merges the cause of action. This rule relates exclusively to joint contracts, or contracts where the parties are jointly liable. When the contract is both joint and several, different rules apply. In such cases, the rule at common law, and in this State prior to the code, was that the party suing on such a contract must treat it as several and sue the parties liable thereon severally, or treat it as joint and sue them all, but he could not sue an intermediate number. No change in these respects has been made where the contract is joint only, but as to contracts which are several, or joint and several, an important change has been made by the code. It is provided by section 20, 2 G. & H. 50, that "persons severally and immediately liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may, all or any of them, be included in the same action, at the option of the plaintiff." The instrument sued upon in this case is clearly within the terms of this section, and the persons liable thereon are severally and immediately liable. It is true that they are jointly liable, but they are also severally liable. If there had been no joint liability, the parties to it, under this section, might very clearly all have been sued

upon it in the same action. That there is a joint liability, as well as a several, can make no difference.

The whole argument of counsel for the appellees proceeds upon the ground that the plaintiff, by suing all the obligors in the bond, conclusively elected to treat the cause of action as joint, and that throughout the case it must be so treated, and that therefore a judgment against one of the obligors merges the joint liability. If they are wrong in this view, then their whole argument must fail. That they are, we do not doubt. The section of our code above quoted is precisely like section 120 of the New York code, except that in our section the words "and immediately" are found next after the word "severally." Section 38 in the Ohio code is precisely like the section in the New York code. Section 38 of the Kentucky code is the same, so far as the point in question is concerned, but it contains some additional provisions. The same provision is found in the civil code of California, in section 15. The 2764th section of the Iowa statute provides, that "where two or more persons are bound by contract, or by judgment, decree or statute, whether jointly only or jointly and severally, or severally only, and including the parties to negotiable paper, common orders, and checks, and sureties on the same, or separate instruments— the action thereon may, at the plaintiff's option, be brought against any or all of them."

The decisions in the courts of New York have not been entirely consistent in construing the section in question. In *Burgoyne* v. *The Ohio Life Ins. and Trust Co.*, 5 Ohio St. 586, the Supreme Court of Ohio had the question under consideration, and used this language: "In the opinion of the court, these sections permit the joinder of the survivor or survivors, and the personal representative of the deceased obligor, in the same action, whether the contract is in terms joint and several, or made so by the 90th section of the administration law upon the death of a joint obligor; and authorizes a several judgment to be rendered against each, according to the nature of their respective liabilities. We

are aware that these provisions of our code are almost liter-
ally copied from corresponding provisions in the code of New
York; and that a different construction was placed upon them
by a single judge of the Supreme Court of that State, in the
case of *Morehouse* v. *Ballou,* 16 Barb. 289.   With all proper
respect for the opinions of each of the thirty-two judges of
which that court is composed, we think it much safer to rely
upon the obvious import of the language of our code, liber-
ally interpreted with a view to the objects intended to be
attained, than upon the multitude of conflicting decisions to
be found in the reports of the Supreme Court of New York.
But if we were bound to follow a New York decision, we
need not go beyond the volume to which we have been re-
ferred, to find authority for our own position, and a direct
contradiction to the case above cited.   In the case of *Parker*
v. *Jackson,* 16 Barb. 33, decided at a general term of the
Supreme Court, by four judges, it was held that all the par-
ties severally liable upon the same instrument might be
prosecuted in the same action, and several judgments be
entered ; that such a proceeding was to all intents, under
the code, a several action, giving the full right to separate
defences; and that such an action might be maintained
against the surviving debtor, and the representatives of a
deceased co-debtor, without alleging the insolvency of the
survivor."

In *The People* v. *Love,* 25 Cal. 520, the action was upon
a tax collector's bond, by which the obligors bound them-
selves, etc., "jointly and severally."   One of the sureties
was not made a party to the action, and the court say:

"3.   The next ground of demurrer is to the effect that
there is a misjoinder of parties defendant, because J. G.
Eshom, one of the sureties upon the bond, is not made a
party.   The bond upon which the suit is brought, as will
more fully appear hereafter, is joint and several.   The 15th
section of the Practice Act provides that 'persons severally
liable upon the same obligation or instrument,   *   *   *
may all, or any of them, be included in the same action, at

The State, *ex rel.* Griswold, Auditor, *v.* Roberts *et al.*

the option of the plaintiff.' This section changes the common law rule, that one or all, and not any intermediate number, may be sued. Under this section a plaintiff may, at his election, sue one or more, or all the persons severally liable upon the same obligation or instrument." See, also, on this subject, 1 Estee Pleadings & Forms, secs. 164–167, and cases cited.

The three hundred sixty-sixth section of our code enacts, that though all the defendants have been summoned, judgment may be rendered against any of them, severally, where the plaintiff would be entitled to judgment against such defendants if the action had been against them severally. In the California case to which we have referred, there was a separate judgment rendered against each defendant. In *Clinton Bank of Columbus* v. *Hart,* 5 Ohio St. 33, it was held that a judgment for or against one of several makers of a joint obligation is a bar to an action afterward brought against another. But not so if the obligation is joint and several. In such case, the creditor has the election to treat the obligation as joint or several, and he may sue and recover against each one of the makers separately, or all jointly; but he cannot do both, and hence the recovery of a joint judgment is a bar to a separate action, and separate judgments equally so as to a joint action. The election of the creditor is not conclusively determined by the commencement of a joint action, and becomes fixed only upon the recovery of judgment against all the joint makers of the instrument. Until one judgment, either joint or several, is rendered for or against each of the makers of such an instrument, no merger of the several liabilities of any one of them, as to whom no judgment has been rendered, takes place, and a separate action may be sustained thereon. The commencement of a joint action, therefore, against all the makers of such an instrument, in which process was only served upon a part, and judgment against but one, is no bar to a separate action against one not served with process. In such case the creditor has his election to make him a party to the

judgment against the others, or to commence and prosecute a separate action against him.

· Applying the statutes and authorities in question, we come to these conclusions in the ·case under consideration: first, that the plaintiff had the right to sue all the defendants upon the obligation or instrument in question, whether it is viewed as a joint or as a several obligation; second, that the bringing of the action against all of them does not show an election to treat the cause of action as joint or as several; third, that in such a case the court may, if the plaintiff elect, at the time of the rendition of judgment, to treat the instrument as several, render separate judgments against the defendants liable, or if the plaintiff, on the contrary, then elect to treat it as joint, and the defendants are shown to be jointly liable, render a joint judgment against all of them; fourth, that in either case the plaintiff can have but one satisfaction; fifth, that the rendition of the judgment in this case against the principal alone did not merge the several liabilities of the securities; and sixth, that the judgment of the court in dismissing the action as against the securities because there had been a judgment against the principal was erroneous.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the motion to dismiss, and for further proceedings.

WORDEN and OSBORN, J. J., were absent.

*A. A. Chapin, W. A. Woods, A. L. Osborn,* and *W. H. Calkins,* for appellant.

*J. Morris, W. H. Withers,* and —— *Best,* for appellees.