Filed Dec. 15, 1888.

No. 13,493.

## LAWRENCE v. BEECHER.

JUDGMENT.—*Merger.—Promissory Notes.—Mortgage.—Foreclosure. — Former Adjudication.*—Where a plaintiff declares upon a series of promissory notes, secured by mortgage, and executed by defendants severally liable only, and voluntarily elects to .take a personal judgment against one of the defendants and only a decree of foreclosure against the others, the judgment is a merger of the whole cause of action against all the defendants in court, and a subsequent suit can not be maintained against any one of them.

SAME.—*By Default.*—A judgment by default can not go beyond the cause of action stated, but it may embrace not only the principal matters alleged, but also all of the necessary incidental matters.

From the Fulton Circuit Court.

*G. W. Holman,* for appellant.

*J. S. Slick, F. H. Terry* and *J. W. Rickel,* for appellee.

ELLIOTT, J.—The promissory note on which the appellant's complaint is founded is a several, and not a joint one, and is signed by J. N. Lowe, Eliza Lowe, John Beecher, and Martha E. Beecher, the appellee.

The answer is, that in a former action brought by the appellant against all the makers of the note there was a full and

final adjudication. To this answer the appellant replied, setting forth the proceedings and judgment in the action referred to in the answer. It appears from the allegations of the reply that the note here sued on was one of a series of five, executed by the makers to the appellant and secured by a mortgage. The complaint in the former action declares upon all the notes, prays judgment against all the makers, and the decree rendered in that action contains, among others, these provisions: " It is therefore ordered and adjudged by the court that the plaintiff have and recover of and from the defendant, John Beecher, the sum of $786, now due, and and the further sums of $780 due April 9th, 1886, $744 due April 9th, 1887, and $780 due April 9th, 1888, and his costs taxed at —— dollars. And it is further ordered and decreed by the court that the equity of redemption of the defendants John Beecher, Martha E. Beecher, David Cooper and Caroletus Cooper, in and to the real estate hereinafter described, be barred and foreclosed." The decree was entered upon default.

The complaint in the foreclosure suit certainly authorized a personal judgment upon the notes due, for the default admitted its material allegations. It is true that a judgment upon default can not extend beyond the cause of action stated; it may, however, go to the full extent of the complaint, embracing not only the principal matters alleged, but also all of the necessary incidental matters. *Humphrey* v. *Thorn*, 63 Ind. 296; *Goble* v. *Dillon*, 86 Ind. 327.

The only question, therefore, in this phase of the case is, was there jurisdiction to render a personal judgment upon all of the notes sued on?

The plaintiff did take personal judgment against John Beecher upon all of the notes, but did not take judgment against any of the other defendants. It appears, therefore, that he did elect to take personal judgment against one of the several debtors, and as to that debtor, at least, it seems

quite clear that the matter can not be again litigated. It is enough to assign two reasons for this conclusion :

*First.* The plaintiff asserted a right to this judgment, and he thus elected as to his remedy. It is not for him to say that he was not entitled to the relief he sought and received. It may, possibly, be true that it was error to render the judgment, but, granting this, still the judgment can not be collaterally impeached. *Robertson* v. *Huffman*, 92 Ind. 247.

The plaintiff asked and was awarded a judgment that is not void, and it is difficult to perceive why that judgment did not merge the cause of action, since it stands against all the parties until overthrown by a direct attack.

*Second.* The complaint set forth all the notes, demanded a judgment upon them all, and this demand the decree enforced, so that the judgment was upon a matter which might have been litigated, and was litigated, under the issue tendered. Under the rule declared in *Fischli* v. *Fischli*, 1 Blackf. 360, and reaffirmed again and again, the adjudication was final and conclusive. *Griffin* v. *Wallace*, 66 Ind. 410; *Ulrich* v. *Drischell*, 88 Ind. 354, and cases cited ; *Moore* v. *State*, 114 Ind. 414 (421).

There was, therefore, a final judgment rendered at the solicitation of the appellant, merging the cause of action as to one, at least, of the makers of the note sued on.

We assume, as established, the proposition that there was a judgment, rendered upon the demand of· the appellant, merging the cause of action as to one of the makers of the note on which the complaint rests. It was, no doubt, the right of the appellant, had he so elected, to have dismissed as to part of the defendants, or to have so framed his decree as to reserve his right to a personal judgment. *Rose* v. *Comstock*, 17 Ind. 1; *Erwin* v. *Scotten*, 40 Ind. 389.

We fully agree with the appellant's counsel that a simple decree of foreclosure does not necessarily bar a right to subsequently obtain personal judgment on a promissory note secured by a mortgage. *Muncie Nat'l Bank* v. *Brown*, 112

Ind. 474; *Hensicker* v. *Lamborn,* 13 Ind. 468; *O'Leary* v. *Snediker,* 16 Ind. 404; *Jenkinson* v. *Ewing,* 17 Ind. 505.

But this rule is not extensive enough to embrace a case where a personal judgment is taken as to one of the defendants liable on the note, and no disposition of the case as to the others is directly made, further than to decree that their equity of redemption is barred. If nothing more than a decree of foreclosure had been entered, we should have a very different case, but, as counsel concede, there was a personal judgment as to one of the makers of the note. The question, therefore, is, what is the effect of a judgment so taken as to the other makers of the note? If it merged the note in the judgment, then, clearly enough, there is no cause of action. If it did not merge the note as to the appellee, then the cause of action still exists. The pivotal question, to which we come at last, is this: Did the judgment merge the cause of action now asserted against the appellee?

If the appellee had not been sued in the former action, then it would be clear that the judgment would not have released her, nor have merged the cause of action, for a plaintiff may rightfully sue one or all of the makers of a several promissory note, and take judgment. *Giles* v. *Canary,* 99 Ind. 116. But the defendants were all sued and judgment was taken against one of them, so that the case is not within the rule acted upon in the case cited. Nor is the question presented here as it was in *State, ex rel.,* v. *Roberts,* 40 Ind. 451, for, here, the court did not dismiss the case, over the objection of the plaintiff, as to the parties against whom no judgment was taken, as was done in the case cited, but, on the contrary, rendered a final judgment against the defendant whom the plaintiff elected to hold liable for the whole amount of the debt. This case differs, too, from that cited in another essential particular, and that is this: Here the question comes up in a collateral action, while there it arose directly upon appeal. Here we are met by the question whether a plaintiff, having voluntarily elected to take judg-

ment against all of several defendants, then in court, can subsequently sue upon the cause of action on which that judgment was rendered. We can see no escape from the conclusion that the judgment operated as a merger of the whole cause of action against all of the defendants in court. The general rule undoubtedly is, that a final judgment extinguishes and merges the cause of action. 1 Herman Estop., section 466. There is nothing impressing upon this case the features of an exception to the general rule, and the general rule prevails unless the particular case possesses the essential elements of an exception.

Where a plaintiff voluntarily elects to take a personal judgment against one of a number of defendants severally liable, without in any way preserving his rights against others then legally before the court, the presumption is that he is content with that judgment, and that his contentment is due to the fact that he received at the hands of the court all the relief that he was justly entitled to receive. If he desires to prevent this result he must take some steps, as he well may, to counteract this presumption. If he takes no such steps, but elects to take a final personal judgment against one of the defendants and takes only a judgment of foreclosure against the others, he can not justly complain if this presumption prevails against him. Naturally this is the result, since he must be deemed to have obtained all the relief to which equity and justice entitled him. If he desired personal judgment against all the defendants, instead of a decretal order barring their equity of redemption, he should have secured it when he had the opportunity, and not have disturbed the courts and vexed the parties by many actions. We think this principle is substantially asserted by *Richardson* v. *Jones*, 58 Ind. 240, and that the argument of appellant's counsel, able and ingenious as it is, fails to meet or avoid it.

The reply must be judged by the facts it pleads, and not by the mere conclusions of the pleader. *Neidefer* v. *Chastain,*

71 Ind. 363. The general conclusion of the pleader that there was no adjudication of the personal liability of the defendants in the foreclosure suit, other than that shown in the decree, does not change the character and effect of the material facts pleaded. This rule was applied in a case very like the present. *Richardson* v. *Jones, supra.*

Judgment affirmed.

Filed Dec. 15, 1888.