## FOR PUBLICATION



FILED
Jun 04 2014, 9:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**SEAN E. KENYON**
**MICHAEL L. MEYER**
Hoeppner Wagner & Evans
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

**TIMOTHY C. KRSAK**
Douglas Koeppen & Hurley
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LORI NICKLAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1310-CC-429 |
| | ) | |
| VON TOBEL CORPORATION, Individually, | ) | |
| and d/b/a VON TOBEL LUMBER; and | ) | |
| VON TOBEL LUMBER COMPANY, INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-1302-CC-1598

**June 4, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Lori Nicklas ("Lori") appeals the trial court's grant of summary judgment in favor of Von Tobel Corporation ("Von Tobel") and its denial of her summary judgment motion. Lori raises three issues for review, which we consolidate and restate as whether the trial court erred when it granted summary judgment in favor of plaintiff Von Tobel and against Lori after Von Tobel had obtained a judgment against her co-defendant, Shawn Nicklas ("Shawn") in the same proceeding. Concluding summary judgment in favor of Von Tobel was proper, we affirm.

## Facts and Procedural History

The facts in this case are undisputed. In July 2009, Lori and Shawn executed a promissory note in favor of Von Tobel with a principle amount of $35,000. The note was to be paid in full by January 15, 2012. When the note matured and a balance remained, Von Tobel sought to obtain a judgment on the note in the amount of $30,548.22 plus interest and attorney fees as permitted by the note's terms. Von Tobel named both Shawn and Lori as defendants, as the two were jointly and severally liable to Von Tobel under the note. Shawn entered into an Agreed Judgment with Von Tobel for the full amount of the principal owed, in addition to interest and attorney fees, for a total of $34,696.89.[1] After Lori filed her answer, Von Tobel moved for summary judgment against her, seeking a judgment on the principal and for interest and attorney fees. Lori filed a cross-motion for summary judgment

---

[1] At some point, Shawn and Lori separated and each acted individually to defend against Von Tobel's claim. Shawn's agreement with Von Tobel is not contested and is not part of this appeal. The amount Shawn agreed to pay also included monies owed under another contract to which Lori was not an obligor.

arguing Von Tobel had been fully compensated through its settlement with Shawn, and was not entitled to any further recovery.[2] After a hearing, the trial court granted summary judgment in favor of Von Tobel and denied Lori's cross-motion for summary judgment. Lori now appeals.

## Discussion and Decision

### I. Standard of Review

When reviewing a summary judgment ruling, we apply the same standard as the trial court. F.B.I. Farms, Inc. v. Moore, 798 N.E.2d 440, 444 (Ind. 2003). A party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). All facts and inferences are to be construed in favor of the non-moving party. Meredith v. Pence, 984 N.E.2d 1213, 1218 (Ind. 2013). When there are competing summary judgment motions, our analysis is unchanged: each motion will be considered separately and we will determine whether each moving party is entitled to judgment as a matter of law. Id.

### II. Summary Judgment Grant in Favor of Von Tobel

Lori urges that the summary judgment grant in favor of Von Tobel was contrary to law because it effectively would allow Von Tobel to recover $73,552.85 collectively between Lori and Shawn on a debt with a principal balance of approximately $30,000. Lori makes three arguments to this point: 1) any claim against Lori was merged and extinguished by the agreed judgment with Shawn; 2) res judicata precluded Von Tobel from litigating the case

_____

[2] The record indicates that at the time the appeal was taken, Von Tobel had yet to actually receive any

further against Lori after the agreed judgment with Shawn had been entered; and 3) contract principles prohibit this type of recovery. Von Tobel, on the other hand, argues it is not seeking a double recovery; rather, it is merely exercising its rights under the contract to have the indebtedness adjudicated against either or both parties, and seeks only one satisfaction from the judgments.

### A. Merger and Extinguishment

Lori first argues Von Tobel's agreed judgment against Shawn merged and extinguished any claims Von Tobel had against Lori. Lori relies on <u>Lawrence v. Beecher</u>, 116 Ind. 312, 19 N.E. 143 (1888), for the proposition that "if a plaintiff names all obligors as defendants and desires to take judgment against all of them, the plaintiff should secure that judgment when it has the opportunity, or forever lose that right." Appellant's Brief at 15. However, the procedural posture of <u>Lawrence</u> is quite distinguishable from the present case. In <u>Lawrence</u>, the plaintiff/appellant sued a number of makers on a several promissory note, and a personal judgment was entered against one of the defendants. <u>Id.</u> at 144. The court then barred and foreclosed the equity of redemption against the other defendants. <u>Id.</u> The plaintiff/appellant then sued the appellee on the same promissory note. The court held that this type of collateral action is not permissible based on the doctrine of merger:

> [H]ere the question comes up in a collateral action. . . . Here we are met by the question whether a plaintiff, having voluntarily elected to take judgment against all of several defendants then in court, can subsequently sue upon the cause of action on which that judgment was rendered. We can see no escape from the conclusion that the judgment operated as a merger of the whole cause

money from the agreement with Shawn.

4

> of action against all of the defendants in court. The general rule undoubtedly is that a final judgment extinguishes and merges the cause of action.

Id. at 145. Thus, Lawrence is inapplicable to the present situation.

Similarly, Mutual Ben. Life Ins. Co. v. Bachtenkircher, 209 Ind. 106, 198 N.E. 81 (1935), is of no help to Lori. In that case, the court determined a promissory note executed by an individual and a bank who both agreed to pay on the note was a joint obligation. The court found there was only one contract by which both parties were liable, so the judgment against one joint party barred the claim against another. Id. at 111, 198 N.E. at 83. It has long been held, though, "that the rule that a judgment upon a joint obligation works a release of a joint obligor does not apply when the obligors' liabilities are separate and several." Consol. Rail Corp. v. Travelers Ins. Cos., 466 N.E.2d 709, 712 (Ind. 1984) (citing Giles v. Canary, 99 Ind. 116 (1884)).

Von Tobel argues State ex rel. Griswold v. Roberts, 40 Ind. 451 (1872), supports its position that a judgment against one obligor upon a joint and several obligation does not effectuate a release of another obligor. Lori argues Roberts is inapplicable because the court was citing a statute that is no longer in effect. Lori is correct that the statute in Roberts is no longer in effect, but we find the legal principle is unchanged. In Roberts, the treasurer of DeKalb County and others executed a joint and several bond. The treasurer and the other makers were named as defendants in the same suit. After a jury trial, judgment was entered against the treasurer only, and in favor of the other defendants. The judgment in favor of the other defendants was reversed on appeal, and at the new hearing, the defendants moved to dismiss because the plaintiff had already taken final judgment against the treasurer who was

5

jointly sued in the action. The trial court agreed, and dismissed the action because a judgment had already been entered against the treasurer.

On appeal, our supreme court analyzed a statute in effect at the time, which stated: "persons severally and immediately liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may, all or any of them, be included in the same action, at the option of the plaintiff." Roberts, 40 Ind. at 454 (quoting §20, 2 Gav. & H.Rev.St. p. 50). The court concluded based on the statute that the judgment against one did not merge the several liabilities of the other defendants, even though they were also jointly liable. Though this statute is no longer in effect, we find it a precursor to the Indiana Trial Rules regarding joinder[3]:

> Rule 19(E)(1) Joint obligors. Joinder of all the parties to a joint and several obligation and to a joint obligation, including a partnership obligation, shall not be required, and joint or separate action may be brought against one or more of such obligors who shall be subject to permissive joinder as provided in Rule 20. . . .
>
> Rule 20(A)(2) All persons may be joined in one [1] action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

We conclude an agreed judgment against one obligor does not merge and extinguish the obligation of another person jointly and severally liable on the same contract. Therefore,

---

[3] The Indiana Rules of Trial Procedure replaced the statutes governing joinder of parties. Erie Ins. Co. v. George, 681 N.E.2d 183, 191 (Ind. 1997).

Von Tobel was free to seek a judgment against Lori after the agreed judgment with Shawn had been entered.

## B. Res Judicata

Lori next argues an entry of judgment against her is barred by res judicata in the form of claim preclusion. Lori claims the agreed judgment between Shawn and Von Tobel was the first final adjudication on the merits, and so there is a preclusive effect on Von Tobel's subsequent claim against Lori.

The doctrine of res judicata generally prevents re-litigation of the same issue between the same parties after there has been a final adjudication on the merits. Indianapolis Downs, LLC v. Herr, 834 N.E.2d 699, 703 (Ind. Ct. App. 2005), trans. denied. Four elements must be satisfied in order for res judicata, also known as claim preclusion, to apply:

1. The former judgment must have been rendered by a court of competent jurisdiction;
2. The former judgment was rendered on the merits;
3. The matter now at issue was, or could have been, determined in the prior action; and
4. The controversy adjudicated in the former action was between parties to the present action or their privies.

Id. Claim preclusion, though, is inapplicable in this case, and we need not dive into an analysis of the four elements to make this determination. We have already determined merger and extinguishment did not apply to the claim against Lori based on Shawn's agreed judgment. As a result, there simply was no final judgment between Lori and Von Tobel until the summary judgment grant, and that is a necessary condition before beginning the claim

7

preclusion analysis.  Claim preclusion does not apply nor bar the entry of judgment against Lori and in favor of Von Tobel.

## C. Contract Principles

Lori argues a party should not be placed in a better position than before the breach of contract and because the agreement with Shawn was for the entire amount owed, any additional judgment against Lori placed Von Tobel in a better position than at the time the contract was executed.  The basic principle that a party is not entitled to be placed in a better position than he would have if the contract had not been breached is a well-established rule. Farah, LLC v. Architura Corp., 952 N.E.2d 328, 337 (Ind. Ct. App. 2011).  However, that is not the effect of two judgments being entered in this case; Von Tobel is entitled still only to one satisfaction on the debt.  This merely allows Von Tobel the opportunity to recover from Lori and/or Shawn, as contemplated by the express terms of the contract.

## Conclusion

Concluding Von Tobel's claim against Lori was not extinguished by its agreement with Shawn, claim preclusion does not apply, and Von Tobel is not placed in a better position than if the contract had not been breached, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.